155 So. 316

## SOUTHERN RY. CO. v. HARGROVE.

### 8 Div. 868.

Court of Appeals of Alabama.
June 5, 1934.

Cooper & Cooper, of Huntsville, for appellant.

Taylor, Richardson & Sparkman, of Huntsville, for appellee.

SAMFORD, Judge.

Plaintiff was a section hand, working for defendant on one of its sections in a crew with three others and under the superintendence of a foreman. On the day of the injury here complained of, the day's work was over, and the crew was on their work car headed for home; on the way they saw the red light, at a block, indicating that a train was in the block and coming their way. Arriving at a place where a public road crossed the track, at the order of the foreman the work car was stopped and set off of the track some ten or fifteen feet to allow the train to pass. There were some holes in the public roadway where it crossed defendant's track and between the rails, and, while waiting for the train, the foreman took a shovel, raked up

some loose gravel and threw it into the holes, smoothing it over, but without stamping, this being the proper way of doing such work. None of the gravel was thrown on the side of the track next to where the crew were standing. In a short time a freight train with some forty cars thundered by at a speed of thirty-five or forty miles per hour. The crew was standing near the work car, and plaintiff was looking in the direction from which the train was coming. The plaintiff was wearing thick, heavy eyeglasses, and, when the train was about half past him, something struck his glasses, broke one of the lenses, and the glass was forced into one of his eyes, causing the injury, the basis of this suit. As to what caused the injury, plaintiff testified: "I don't know what it was, I didn't see anything fall."

As to how and what struck plaintiff rests in the merest conjecture. That it was a missile of some kind is apparent, but as to the kind, or whence it came, or the agency causing it to be thrown, there is no evidence.

■ The plaintiff rests his case upon the doctrine of res ipsa loquitur, which is broad in its presumptions and under certain circumstances furnishes a basis for an action for negligence. But this doctrine has its limitations and may not rest alone on speculation. It is not that in any case negligence can be assumed from the mere fact of an accident and an injury. In such cases the surrounding circumstances are necessarily brought into view by showing how the accident occurred, and, when these surrounding circumstances do no more than tend to prove the accident, without fixing or tending to connect the defendant as the negligent agent, the doctrine has no force. The doctrine of res ipsa loquitur does not and is not intended to dispense with proof of culpable negligence on the part of the party charged. It is a substitute for specific proof of acts or omissions constituting negligence. In other words, it is a rule of evidence, and, unless the proof of the accident and attendant circumstances connects the defendant as the guilty agent, there is no room for its application. 45 C. J. 1106 (769).

■ As we see it, the doctrine of res ipsa loquitur has no application in this case. 45 C. J. 1202 note (d); Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257.

The defendant was entitled to the general charge. For the error in refusing this charge, the judgment is reversed, and the cause is remanded.

Reversed and remanded.