237 So.2d 632

**VIKING MOTOR LODGE, INC.,**
a Corporation

v.

**AMERICAN TOBACCO COMPANY, a Corporation and Guy Wright, Jr.**

**4 Div. 367.**

Supreme Court of Alabama.

June 18, 1970.

Williamson & Taber, Greenville, for Guy Wright, Jr.

Oliver Brantley, Troy, for American Tobacco Co., a corp.

Volz, Capouano, Wampold & Prestwood, Al James Sansone, Montgomery, for appellant.

HARWOOD, Justice.

The complaint below contained four counts. Counts I, III and IV allege that the defendants negligently ignited a fire upon the property of the plaintiff's i. e., the Viking Motor Lodge, and as a proximate result of said negligence, the plaintiff suffered damages in the amount of $41,-909.65. Count II avers that the defendant Guy Wright, an agent, servant, or employee of the defendant American Tobacco Company, while acting in the line and scope of his employment, negligently ignited the fire, etc.

At the conclusion of the evidence, the court below gave the general affirmative charge in favor of the defendants. The jury returned a verdict consonant with such instructions, and a judgment was entered in favor of the defendants pursuant to such verdict. Hence this appeal.

Guy Wright was employed by the American Tobacco Company as a cigarette salesman. His territory composed a number of counties, including Pike County.

On 16 March 1966, he registered at the Viking Motor Lodge in Troy. After pursuing his business that day he returned to his room in the motel. He completed some paper work relative to his activities, and then he and a salesman for another company drove in separate automobiles to a restaurant for dinner. Wright testified he may have had a beer during dinner. After finishing their meal, Wright and his companion went to a cocktail lounge in Troy where they remained seated and talked for some time. Wright testified he consumed two or three beers during this time, but felt no effect from them.

Wright returned to his motel room between 11:30 P.M., and midnight, and went to bed.

Wright testified he smoked about two and a half packages of cigarettes a day and that he probably smoked a cigarette during the time he was preparing for bed which took some 20 to 30 minutes. There was several ash trays around the room. He did not smoke in bed.

About 2:30 A.M., Wright awakened to find about everything in his room on fire except the bed in which he was sleeping. The fire in general was in the area of the room away from the bed. He managed to get his pants on and ran out of the room. Finding a fire extinguisher outside he attempted to use it, but without effect. He then knocked on nearby doors to awaken the occupants, and ran to the office. The night clerk called the fire department.

James T. Massey, Chief of the Troy Fire Department, arrived at the motel shortly after the call to the fire department. The room occupied by Wright was then totally on fire. The next morning as soon as the scene had cooled enough he made an investigation in an effort to determine the cause or origin of the fire. The room and its contents had burned to ashes and he was unable to determine the cause of the fire.

The plaintiff introduced evidence showing that the motel was heated, and cooled, by a water percolating system. A fan in each room, electrically operated circulated the hot or cold air by blowing over a coil in the apparatus.

Mr. Charles McMillan, operator and real owner of Viking Motor Lodge, testified that he arrived at the motel about 5:00 A. M. This was some two hours after the discovery of the fire and the destruction thereby of the room occupied by Wright. At the time of his arrival McMillan observed the lights on in other rooms in the wing of the motel wherein the burned room was located. It was Mr. McMillan's

testimony that all of the electrical systems in that wing were on the same circuit. It was Mr. McMillan's view that the fire was caused by a cigarette setting Wright's bed on fire. However, cross examination revealed that Mr. McMillan arrived at this conclusion by eliminating in his own mind any other causal agent. It is significant that Wright suffered no burns from the fire though he wore no night clothes in bed.

Young Flowers, Jr., an electrician of considerable experience testified for the plaintiff.

Mr. Flowers did the electrical work when the motel was repaired after the fire. When he first saw the burned room it had been cleaned up, and only charred studs remained. That part of the electrical system which had not been burned, that is, in the remaining unburned portion of the motel wing, appeared to be properly wired, and he found nothing to indicate the fire had been caused by a faulty electrical system.

In Mr. Flowers' opinion each unit in the wing wherein the burned room was located was on a separate circuit. In this aspect Mr. Flowers' testimony differs from that of Mr. McMillan.

A sub-feed was in the attic, and the insulation had been melted off the conductors inside the circuit and had burned the wiring as well as the surrounding lumber. Two fuses in the sub-feed had been blown, and this would indicate a short circuit.

Mr. Flowers further testified that an overload in a system can be caused by a short circuit resulting from mashing an exposed cord, as by placing a chair leg or bed leg on it. He also testified that it is possible for an electric motor to burn without blowing a fuse or tripping a circuit breaker. The "burning" of the fuses in the sub-feed would have been caused by the fire itself.

In brief counsel for appellant assert:

"At the trial of the case, the plaintiff's theory of liability against the defendants was twofold, i. e. res ipsa loquitur and respondeat superior.

"The doctrine of res ipsa loquitur was asserted on the basis of the fact that the defendant Wright's quarters were under his exclusive control. The room in question was free from mechanical defects or objects, which, in the knowledge of mankind absent negligence, normally results in the outbreak of fire. Moreover, the evidence tended to show that the cause of the fire was the negligent use of a cigarette which was under the exclusive dominion and control of the defendant Wright."

The fault in the above argument is that it asserts and assumes as a positive fact that the room was free of mechanical defects or objects normally causing a fire, and further that the cause of the fire was a negligent use of a cigarette by Wright. Such assumptions can only be based on speculation.

The room being entirely consumed by fire, along with its electrical system, whether there was or was not a defect in the electrical system in the room is a matter of pure conjecture.

■ The evidence of the plaintiff tended to show only that Wright smoked two and a half packs of cigarettes a day, and that he probably smoked a cigarette while preparing for bed. Such factual basis falls short of establishing negligence by Wright as the cause of the fire.

In Robinson v. Cowan, 158 Ala. 603, 47 So. 1018, it is stated:

"The general rule, subject to an exception to be stated, is that mere proof of the damage or destruction of the property by fire does not of itself authorize an inference of negligence. L. & N. R. R. Co. v. Reese, 85 Ala. 497, 5 So. 283, 7 Am.St.Rep. 66; 29 Cyc. 595 and note. The exception referred to affects locomotives, and possibly other agencies of like power and utility."

But the appellant contends that an inference of negligence is established in this case by the doctrine of res ipsa loquitur.

■ The fact that Wright smoked two and a half packs of cigarettes per day is irrelevant to the issues. Nor does the fact that Wright probably smoked while preparing for bed create any presumption of negligence in and of itself.

■ Wright occupied the room as licensee. That it is the custom for occupants of hotel or motel rooms to smoke therein is demonstrated by the fact that ash trays are usually placed in the rooms. Such was the case here.

■ Courts are reluctant in drawing inferences of negligence as to the origin of fires for the reason that fires occur where due care has been exercised, as well as where due care is wanting. Re Morse's Estate, 192 Kan. 691, 391 P.2d 117; Menth v. Breeze Corp., 4 N.J. 428, 73 A.2d 183.

If speculation be laid aside, there was no evidence tending to show that Wright was in control and possession of the fire which ignited the room, nor that any act of his was negligent.

■ While the res ipsa loquitur doctrine permits an inference that a known act producing an injury was a negligent act, it does not permit an inference as to what act did produce the injury, and the doctrine cannot be applied where the act or thing which caused the injury is unknown. McClinton v. McClinton, 258 Ala. 542, 63 So.2d 594.

■ The doctrine of res ipsa loquitur is a rule of evidence, and unless the proof of

the accident and attendant circumstances connects the defendant as the guilty agent, there is no room for its application. It may not rest alone on speculation. Southern Ry. Co. v. Hargrove, 26 Ala.App. 165, 155 So. 316.

■ If the application of the doctrine of res ipsa loquitur is inappropriate in this case, and we so hold, then the evidence presented by the plaintiff merely shows that a fire originated in the room occupied by Wright. There is no evidence tending to show that any negligence on the part of Wright was the cause of the fire.

■ Where the liability of an employer is predicated upon the negligence of the employee under the doctrine of respondeat superior, and under the evidence presented, the employee is entitled to the affirmative charge, perforce the employer would be so entitled. See Louisville and N. R. Co. v. Maddox, 236 Ala. 594, 183 So. 849; Pollard v. Coulter, 238 Ala. 421, 191 So. 231; American Southern Ins. Co. v. Dime Taxi Service, Inc., 275 Ala. 51, 151 So.2d 783.

The trial court did not err in giving the general affirmative charge in favor of the defendants.

Since this conclusion is dispositive of this appeal, no need arises to consider the question of whether Wright was in the line and scope of his employment at the time the room was burned, a question argued at length in briefs of the respective parties.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and McCALL, JJ., concur.