State Farm Fire and Casualty Co. ("State Farm"), as subrogee of James S. Germany, sued Ernest Paige for damages resulting from fire loss to Germany's rental house allegedly caused by Paige's negligence. Paige filed a general denial. State Farm's motion for summary judgment was denied. Subsequently, the trial court heard the case without a jury and rendered a judgment for State Farm in the amount of $30,547. Paige's motion for a new trial was denied. Paige appealed. We affirm.
Under the ore tenus rule, the trial court's decision, where supported by the evidence, is presumed correct and should be reversed only if the judgment is found to be plainly and palpably wrong, after a consideration of all the evidence and after making all inferences that can logically be drawn from the evidence. See American Casualty Co. v. Wright,554 So.2d 1015 (Ala. 1989); City of Birmingham v. Sansing Sales ofBirmingham, Inc., 547 So.2d 464 (Ala. 1989); King v. TravelersIns. Co., 513 So.2d 1023 (Ala. 1987); Robinson v. Hamilton,496 So.2d 8 (Ala. 1986); see, also, Meeks v. Hill, 557 So.2d 1238
(Ala. 1990).
The issue for our review is whether the trial court's findings that Paige's negligence resulted in damage to the premises in question was plainly and palpably erroneous.
Paige contends that the trial court's resolution of the case involved speculation, because, he says, there was no direct evidence or expert testimony as to the origin of the fire; that there was no evidence that he was in control of the fire that ignited the kitchen or that any act of his was negligent; and that the doctrine of res ipsa loquitur, on which he says State Farm therefore must rely, is inapplicable in the instant case. See Viking Motor Lodge, Inc. v. American Tobacco Co., 286 Ala. 112, 237 So.2d 632 (1970). We disagree. At all times, State Farm attempted to recover based on Paige's negligence; it never attempted to eliminate other causes and then trace liability back to Paige; therefore, unlike the situation in Viking, supra, State Farm does not rely on res ipsa loquitur to establish liability.
The facts before the trial court were as follows:
Paige leased a house from Germany. The house was destroyed by fire during the lease period while Paige occupied the premises. Germany testified that he did not make a physical inspection of the electrical system or the appliances during the term of the lease; that everything that could have caused the fire was in the kitchen area where most of the damage occurred; and that he settled with State Farm for $36,176.23. Germany further testified that, upon inspection of the premises, he found that the bottom of the pot that Paige told Germany he had put on the stove was totally burned.
State Farm's claims adjuster, who examined the premises after the fire testified that there was a pot on top of the stove; that the switch that had controlled the burner where the pot was located was in the "high" position; and that one of the photographs he took of the scene showed the impression of the burner burned into the pot that was on top of the stove.
Paige, called as an adverse witness, testified that on the night of the fire he arrived home after 10:00 p.m. and placed oil on the stove to cook french fries, turning the burner on low; that he then went to his bedroom to change clothes; and that upon his return to the kitchen, smoke was so thick that he was unable to see into the kitchen, so he fled the house. He also *Page 243 
testified that he was unaware of the cause of the fire.
Paige concedes that he had a duty not to negligently burn the rental house and that State Farm suffered a loss as a result of the fire. However, Paige denies that he breached his duty, and he contends that there is no evidence that any negligence of his was the proximate cause of the fire.
After viewing all the evidence that the trial court had before it, and after making all reasonable inferences that could be drawn from the evidence, we conclude that the trial court's findings that Paige was negligent and that his negligence was the proximate cause of the fire were not plainly and palpably erroneous. The trial court's judgment for State Farm in the amount of $30,547 is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.