HOUSTON, Justice.
Martin Electronics, Inc. (“Martin”), sued Bill Steber Chevrolet-Oldsmobile, Inc. (“Steber”), alleging a breach of contract. Martin alleged that Steber had failed to make lease payments on a business telephone system supplied by Martin to Steber under a lease/purchase agreement. Steber answered, making a general denial and asserting as defenses that the phone system supplied by Martin was not fit, proper, or reasonably suited for the purpose for which it was intended, was nonfunctional, was “down” on numerous occasions, and was of no value to Steber. Steber also counterclaimed, alleging breach of contract by Martin, negligent installation and repair of the phone system, and breach of warranty. Martin denied those allegations and filed a third-party claim against ITT Business Communications Corporation (“ITT”), which had manufactured the phone system that Martin leased to Steber, alleging that the phone system was not suited for the uses for which it was purchased. The trial court granted ITT’s motion for summary judgment on the ground that Martin’s claim was time-barred. That issue is not before us. The trial court heard ore tenus testimony and entered judgment for Steber on Martin’s claim and for Martin on Ste-ber’s counterclaim. Martin appealed.
Under the ore tenus rule, the trial court’s judgment, where supported by the evidence, is presumed correct and should be reversed only if it is found to be plainly and palpably wrong, after a consideration of all the evidence and after drawing all inferences that can logically be drawn from the evidence. Paige v. State Farm Fire & Casualty Co., 562 So.2d 241 (Ala.1990); Meeks v. Hill, 557 So.2d 1238 (Ala.1990); American Casualty Co. v. Wright, 554 So.2d 1015 (Ala.1989); City of Birmingham v. Sansing Sales of Birmingham, Inc., 547 So.2d 464 (Ala.1989); King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); and Robinson v. Hamilton, 496 So.2d 8 (Ala.1986).
Steber documented over 72 problems with the phone system from July 1983 through February 1986, when Steber boxed up the phone system because, according to Steber, it did not work. There were additional problems with the system that were not documented. The phone system, which, according to Bill Steber, the owner of the defendant corporation, was the “lifeline” of Steber’s business, was “down” or inoperable at least three or four business days each year. Steber paid Martin $15,-179 during the term of the lease. After the system was returned to Martin, he used it in his business. Martin did not deny that there were problems with the phone system; he tried to recover from ITT for these problems.
We have read Martin’s thorough and professional argument as to why he says the trial court’s judgment was clearly erroneous and palpably wrong as against the great weight of the evidence. It will not edify the bench or bar to set out this argument, for it concerns the facts of this case and the inferences that can be drawn therefrom, in detail. Suffice it to say that we have given it serious consideration and cannot hold that the trial court was clearly erroneous and palpably wrong in entering judgment for Steber on Martin’s breach of contract claim.
*1335 Martin unsuccessfully attempted to introduce a printed copy of a lease/purchase agreement with none of the blanks filled in and with no signatures. Bill Steber said he did not recognize the document or remember signing such a document. No signed lease/purchase agreement was introduced by Martin. Martin did not see Bill Steber sign an agreement that was similar to the proffered exhibit. We cannot hold that the trial court erred in excluding this exhibit.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.