THE M. K. & T. RAILWAY V. E. G. DAVIDSON.

FIRING WOODS AND PRAIRIES; *Unavoidable Casualty.* Section 2 of chapter 118, Gen. Stat., 1122, does not authorize a recovery against a railroad corporation for a prairie fire caused by a locomotive running on the track of the company where there is no want of care and skill in the construction of the locomotive, or in operating it.

*Error from Labette District Court.*

DAVIDSON sued the *Railway Company* to recover damages for injuries sustained, alleging that "defendant, in October 1872, did set fire to and burn up and destroy seven acres of young timber, the property of the plaintiff." The action was commenced before a justice of the peace, was taken to

the district court by appeal, where it was tried at the March Term 1874. Verdict and judgment in favor of *Davidson* for $40, and costs, and defendant brings the case here on error.

*T. C. Sears*, and *David Kelso*, for plaintiff in error, submitted that there was neither allegation nor proof that the Railway Co. was guilty of any negligence; that § 2 of the act against firing woods, prairies and marshes, (Gen. Stat., 1122,) does not authorize a recovery where there is neither wrongful act, nor neglect of any duty. If the fire was set by the Railway Co., it was unavoidable accident, and no liability therefor exists.

*Davis & Talbott*, for defendant in error, urged that the action was commenced under § 2, ch. 118, Gen. Stat. Under that statute it is sufficient for the plaintiff below to prove that his damage resulted directly from a fire set by defendant to "woods, marshes or prairies," or set to either of them. Plaintiff below had the right to seek his remedy under the statute without regard to the common law. It was held in *Emerson v. Gardner*, 8 Kas., 455, that a party was liable for damages resulting from fire set to his weeds and rubbish on his own lands, without regard to negligence. A railroad corporation cannot claim greater rights, or greater exemption from liability than individuals. "Unavoidable accident" cuts no figure in the question at issue, for the reason that the statute is *absolute*, and makes the defendant liable without regard to how the fire was set out by defendant below, whether by sparks from the locomotive, or by fire dropped from the ash-pan of the locomotive, or thrown out by the engineer or some other employe of defendant below.

The opinion of the court was delivered by

KINGMAN, C. J.: The defendant in error brought his action against the plaintiff in error for damages caused by setting fire to and burning and destroying several acres of young timber, the property of the defendant in error, and obtained

a verdict.  There was no allegation of negligence or careless-
ness on the part of the corporation or its agents; neither is
there any testimony tending to show negligence.  The testi-
mony is, that there was no fire before the train arrived at a
certain place, but just after it passed the fire was observed in
the prairie-grass near the track, and it spread till it reached
the land of Davidson, and burned his young timber.  In the
entire absence of allegation or proof of negligence there could
be no recovery at common law.  (*K. P. Rly. v. Butts*, 7 Kas.,
308.)  This seems to be conceded by the counsel for defend-
ant in error, who relies on § 2 of ch. 118, Gen. Stat., page
1122, as authorizing a recovery in this case.  Does this statute
by its terms cover the case presented?  The company was in
the performance of its duty, pursuing its lawful avocation,
using its property, so far as is shown, with care and prudence;
and for aught that appears, either in allegation or proof, its
engine was of the most approved construction, furnished with
all the appliances and safeguards possible to be used to pre-
vent the escape of sparks and cinders.  The fire then must
be considered as the result of unavoidable accident.  If the
corporation is liable it is an insurer of other people's property
not under its control.  It must use its road.  That is what
it was created for.  It has an absolute right to use it, as it is
its own property; and in such use it cannot be responsible for
the injury unless made so by statute, and we do not think it
is made so by the statute referred to.  The object of the law
was to prevent those prairie fires so disastrous in this state,
and make those who set the prairies on fire, whether on his
own land or that of another, responsible for all damages done
thereby, and such are the terms of the act.  The first section
punishes criminally a person who shall wantonly and will-
fully set on fire the woods, prairies, etc.  This section con-
templates some direct act done, wantonly and willfully.  The
second section uses the same terms, except that the words
"wantonly and willfully" are omitted; but the direct act is
as much to be done in the second as in the first.  It must be
a direct "setting on fire," not the result of accident that can-

not be avoided. If a tornado were to destroy a man's house, and the fire he had safely kindled in his stove should be scattered so as to fire the prairies, the unfortunate owner of the house could not be held as having set the prairies on fire. Yet he kindled the fire that finally did the injury. So in this case. The corporation kindled the fire in the furnace, and as far as the pleadings and the evidence shows it escaped by unavoidable accident that no care or skill could have prevented. We are clear that the statute does not cover such a case, either in its terms or in the objects sought to be accomplished by it.

The judgment must be reversed, and the case sent back for further proceedings not inconsistent with this opinion.

All the Justices concurring.