THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. J. M. DENNIS.

FIRE — *Damages* — *No Recovery, When.*    Section 2, chapter 118, Comp. Laws of 1885, does not authorize a recovery against a railroad company for a fire caused by burning dry grass and weeds on its right-of-way in the performance of its duty to prevent an accumulation thereof, when there is no negligence or carelessness on the part of the company, and when the damages claimed are the result of unavoidable accident only.

*Error from Sumner District Court.*

THE opinion states the facts.    Judgment for plaintiff *Dennis*, at the September Term, 1886.    The defendant *Company* brings the case here.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: J. M. Dennis brought his action against the Atchison, Topeka & Santa Fé Railroad Company, before a justice of the peace of Sumner county, claiming forty-five dollars for damages sustained by him for hay burned by a fire put out by the section hands while working for the railroad company, about the 8th of November, 1884, on the southwest quarter of section eight, township twenty-four south, of range two west, in Sumner county. Subsequently, the case was taken by appeal to the district court.

Upon the trial, the jury returned a verdict for Dennis for thirty-seven dollars and twenty cents. The railroad company complains, and brings the case here.

There was no allegation in the bill of particulars that the land upon which the hay was stacked and burned was "woods, marsh, or prairie." (Comp. Laws of 1885, ch. 118, § 2.) It appears from the evidence that Dennis owned a quantity of hay upon land adjoining the right-of-way of the railroad company in Sumner county; that the hay had been cut and stacked up; and that during the month of November, 1884, the section hands of the railroad company were at work along the line of the railroad burning off the right-of-way; while engaged in this work, the fire escaped and set fire to and destroyed six or seven tons of hay; the hay was about one hundred and twenty-five yards from the right-of-way; the company had plowed fire-guards on its right-of-way, but no fire-guard had been plowed by Dennis around his hay, nor anything done to protect it against fire; the railroad fire-guards were plowed for the purpose of preventing the spread of fire from the right-of-way; the fire, by accident, jumped the fire-guard while the section-men were engaged in burning dry grass on the right-of-way; it also appeared that the company plowed its fire-guards, and burned grass on its right-of-way, to prevent the catching and spreading of fire which might be set out in the operation of its trains; that the section-men started to burn off the stubble, or grass, at the fire-guards; and there

was some evidence that the fire escaped where grass had been dragged over the fire-guard by Dennis, or the men working for him, who had cut the grass upon the right-of-way and stacked it in one of these stacks; the section-men tried to stop the fire, but could not do it before it had burned one of plaintiff's stacks.

The case seems to have been prosecuted and tried upon a wrong theory. It has been decided that while it is not negligence *per se* for a railroad company to permit dry grass and stubble to accumulate on its right-of-way, yet the accumulation may be to such an extent and in such proximity to the track as justly to ·subject it to the imputation of negligence. (*K. P. Rly. Co. v. Butts*, 7 Kas. 314; *White v. Mo. Pac. Rly. Co.*, 31 id. 280.) Therefore, the company was in the performance of its duty in burning the grass and dry weeds on its right-of-way. The fire was the result of unavoidable accident. No carelessness or negligence was alleged or shown. Mr. Dennis, in writing to the claim agent of the company a few days after the burning of his hay, used this language: "While the section hands, under Mr. John Rockhold, were burning a fire-guard, the fire by accident jumped across the guard and burnt a rick of hay for me." Under the bill of particulars and evidence in this case, we do not think the statute relating to firing woods, marshes or prairies, applicable. The object of the statute was to prevent those prairie fires so disastrous in this state, and make those who set the prairies on fire responsible for all damages done thereby; and such are the terms of the act. (Comp. Laws of 1885, ch. 118, § 2; *M. K. & T. Rly. Co. v. Davidson*, 14 Kas. 349; *Emerson v. Gardiner*, 8 id. 452; *Sweeney v. Merrill*, ante, p. 216.)

Again, the court, although requested so to do, refused to charge the jury that if they found that Dennis was guilty of negligence in not using ordinary precautions to protect his hay, he could not recover. The instructions, as a whole, were not a correct guide to the jury, as they not only excluded the elements of negligence or carelessness from its consideration, but also excluded the contributory negligence, if any, of the owner

of the hay. (*K. C., Ft. S. & G. Rld. Co. v. McHenry,* 24 Kas. 501; *Mo. Pac. Rly. Co. v. Haley,* 25 id. 35; *Patee v. Adams,* 37 id. 133.)

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.