THE INTERSTATE GALLOWAY CATTLE COMPANY V.
JOSEPH KLINE.

1. FIRE *Set Out by Defendant—Erroneous Instruction.* Plaintiff sued
defendant to recover damages for property alleged to have been
destroyed by fire set out by defendant on its own lands for the pur-
pose of burning off prairie grass thereon. The evidence shows that
the land was inclosed with a wire fence, surrounded by a fire guard,
six furrows wide, plowed with a 16-inch plow, and was used by de-
fendant as a pasture. The court instructed the jury, in substance,
that if the plaintiff's property was burned by the fire set out by the
defendant, they should find in favor of the plaintiff for the value of
the property destroyed. *Held,* Error.

2. PRAIRIE LANDS—*Question for Jury.* Where prairie lands are in-
closed, and in actual use of the owner, it becomes a question of fact
to be determined by the jury whether they still retain the character
of prairies within the meaning of ¶ 7277 of the General Statutes.

*Error from Edwards District Court.*

ACTION by *Kline* against the *Cattle Company* to recover
damages for property destroyed by a fire started by defendant.
Judgment for plaintiff. The defendant comes here. The
opinion states the facts.

*Chas. W. Clarke,* for plaintiff in error:

1. The fire set out by the cattle company to burn trash,
weeds and grass was in its inclosed field, and was for a lawful
purpose. The prairie was set on fire by a violent and unan-
ticipated gale and whirlwind, which carried burning trash
and cattle chips across the fire guards. There was no negli-
gence in setting the fire or in attempting its control, and there
can be no recovery against it for property destroyed by such a
prairie fire. The provisions of § 2, ch. 118, of the Compiled
Laws, do not apply to a fire originating in this manner.
*Sweeney v. Merrill,* 38 Kas. 216; *A. T. & S. F. Rld. v. Den-
nis,* 38 id. 424; *Kahle v. Hobein,* 30 Mo. App. 472; Thomp.
Neg., p. 149, note 4; *Hewey v. Nourse,* 54 Me. 326; *Emer-
son v. Gardiner,* 8 Kas. 452; *M. K. & T. Rly. Co. v. David-*

*son,* 14 id. 349; *Marvin v. C. M. & St. P. Rly. Co.,* 47 N. W. Rep. (Wis.) 1123.

2. Plaintiff cannot recover in this action, because he could, by the use of ordinary means, have avoided all damages, and there is nothing in the provisions of § 2, ch. 118, of the Compiled Laws, wiping out contributory negligence. *K. C. Ft. S. & G. Rld. Co. v. McHenry,* 24 Kas. 501; *Patee v. Adams,* 37 id. 133; *Mo. Pac. Rly. Co. v. Haley,* 25 id. 35; *Lawson v. Price,* 45 Md. 136; *Town Co. v. Leonard,* 46 Kas. 358; Sedg. Dam., §§ 201, 202, 204; *Parson v. Sutton,* 66 N. Y. 92; *Loker v. Damon,* 17 Pick. 284.

3. The court erred in allowing plaintiff to give his opinion as to the damages sustained by him by reason of the fire burning the grass from the leased section, and stating that his damages were "about $400, $450, or $500, or something like that." *Belch v. Railroad Co.,* 18 Mo. App. 80; *Kennedy v. Holliday,* 25 id. 514; *Railroad Co. v. Calkins,* 90 Mo. 543; Thomp. Trials, § 377; *City of Parsons v. Lindsay,* 26 Kas. 426; Thomp. Neg. 799; *Ryerson v. Abbington,* 102 Mass. 536; *City of Chicago v. McGiven,* 78 Ill. 347; *Barnes v. Town of Newton,* 46 Iowa, 567; *W. & W. Rld. Co. v. Kuhn,* 38 Kas. 675; *Town Co. v. Morris,* 39 id. 377; *Town Co. v. Leonard,* 46 id. 354.

4. The court should have sustained the motion for a new trial for the want of of evidence to sustain the verdict, as there was an utter want of competent evidence showing any substantial damages sustained by the plaintiff, by the fire burning the old grass from the leased land, and no facts were testified to on which to base an opinion or to measure the alleged damages. *Newby v. Myers,* 44 Kas. 477; *Railroad Co. v. Calkins,* 90 Mo. 543; *Awan v. Middlesex,* 101 Mass. 173; *Railroad Co. v. McKinley,* 64 Ill. 338; *Shattuck v. Railroad Co.,* 6 Allen, 115; *Simmons v. Railroad Co.,* 18 Minn. 193; *Railroad Co. v. McLaren,* 47 Ga. 549.

The court should not have given the instruction which authorized the jury to include in their verdict the value of all property of plaintiff destroyed at the time and place where

destroyed, and did not limit it to the articles or amount described in the petition.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by Joseph Kline, plaintiff below, to recover of the cattle company damages which he sustained by reason of a fire which he alleges the defendant, through its employés, willfully and intentionally set to prairie grass on the lands of the defendant near the premises on which plaintiff's property was situated. The petition alleges negligence on the part of the defendant in permitting the fire to escape from its lands. The case was tried with a jury, and a verdict rendered in favor of the plaintiff for $437.77. Motion was made for a new trial, and overruled by the court, and judgment rendered on the verdict. The cattle company brings the case here for review, and alleges numerous errors.

The rulings of the court on the admissions of testimony are assigned as errors. While some of the rulings of the court with reference to the admission of testimony to prove the plaintiff's damages appear to be erroneous, inasmuch as the defendant, on cross-examination, called out all the facts, and all of the preliminary facts which the plaintiff should properly have shown before having the witness state with reference to the amount of his damages, we think the errors were not such as would warrant a reversal of the judgment, and we do not deem the questions presented with reference to these matters of sufficient importance to be discussed at length. The principal question arises on the instructions given by the court, and as they are brief we give them in full, as follows;

"In this case, the defendant alleges that the defendant corporation, by its agents and employés, set out a fire on the 12th day of March, 1887, on their premises in Edwards county, Kansas, and in the neighborhood of the premises of plaintiff, to burn off the grass from their land; that said fire escaped from the premises of defendant, spread to and run over the plaintiff's premises, and thereon burned up and destroyed the property of plaintiff described in his petition in this case, in-

cluding grass growing upon said premises. The defendant corporation, answering, admits that on the 12th day of March, 1887, in the neighborhood of plaintiff's premises, it put out a fire on its own land to burn off the grass, but denies that said fire escaped from the land of the defendant, and spread to and run over upon the plaintiff's premises, and thereby destroyed plaintiff's property. The questions for you to decide are: (1) Did the fire defendant admits it set out on its premises escape from the premises of the defendant, spread and run upon the premises of plaintiff, and there destroy the property described in plaintiff's petition, or any part of it? If, from all the evidence in the case, you find that the fire set out by the defendant did not escape from its premises and run to and upon the premises of the plaintiff, and there destroy his property, then this case is at an end, and your verdict should be for the defendant.

"(2) If you find from a preponderance of all the evidence in the case that the fire set out by the defendant did escape from its premises and spread to and run upon the premises of the plaintiff, and there destroy the property of the plaintiff, you will ascertain what was the nature of the property of plaintiff so destroyed at the time, and at the time and place where it was destroyed, and give the plaintiff a verdict for the value of the property of the plaintiff so destroyed, with 7 per cent. interest on such value from date of said fire until now. In considering the value of grass destroyed on the premises of plaintiff, you will not consider any damages done to the land thereby — to the fee simple. You will confine your inquiry to the injury to the use of the property by the plaintiff, and thus estimate your damages. You will also take into consideration, in connection with claim for damages, the lease of plaintiff from Mr. Geise for premises occupied by plaintiff, to ascertain the interest plaintiff had in the grass growing upon the premises, and give him, if any damage to the grass, what the evidence shows him to have been damaged in his own right, as distinguished from the interest Mr. Geise had in it. He who affirms a proposition, to support it must furnish a preponderance of evidence upon the proposition; that is, a preponderance in weight of evidence. You are exclusive judges of the weight to be given to the evidence in the case."

It is apparent that these instructions were given under the view that the act of the defendant in setting fire to the prairie

came within the provisions of ¶ 7277 of the General Statutes, which reads:

"If any person shall set on fire any woods, marshes, or prairies, so as thereby to occasion damage to any other person, he shall be liable to the party injured for the full amount of such damage, to be recovered by a civil action."

It appears that the defendant company was the owner of a section and a half of land, used as a pasture; that this tract was inclosed by a wire fence; that inside of the fence a fire guard, six furrows wide, had been plowed with a 16-inch plow; that a number of men in the employment of the defendant, on the 12th day of March, 1887, went to the pasture for the purpose of burning off the old grass; that they commenced firing near the northeast corner, and divided into two gangs, one going west, and the other down the east side; that at the time they commenced firing there was but little wind, and what little there was was blowing from a southerly direction; that soon after the wind changed to the north and northeast, and increased until it blew hard. The men drove across to the south side, and commenced firing from along that side. The fire escaped on the east side; and there is also testimony tending to show that it escaped from the south side, though on this question there is some conflict. We need not discuss the evidence with reference to the question of negligence, for the court, in its instructions, wholly ignored the matter of negligence, and charged, in effect, that if the fire set out by the defendant did escape and destroy the property of the plaintiff, the defendant was liable for all damage sustained by the plaintiff thereby. This could only be the correct rule in a case where the defendant had set fire to a prairie within the meaning of the section of the statute above quoted. We shall assume that the allegation in the petition, that the defendant set fire to the prairie grass, is a sufficient allegation that it set fire to the prairie, though the language of the petition is certainly open to some criticism, and we shall consider only the question whether, under the facts as disclosed in this case, the court was warranted in charging, as

1. Fire set out by defendant—erroneous instruction.

a matter of law, that the defendant, in attempting to burn off its pasture, set fire to a prairie, within the meaning of the statute. The word "prairie," as defined by Webster, means, "(1) An extensive tract of land destitute of trees, covered with coarse grass, and usually characterized by a deep, fertile soil;" (2) a meadow or tract of grass land, especially a so-called natural meadow." In the case of *Sweeney v. Merrill,* 38 Kas. 216, this court held:

" Where the defendant set out a fire within its inclosed field, and it escaped from him, and destroyed the property of the plaintiff, he will not be liable unless he is guilty of negligence either in setting out the fire, or attempting to control it."

That case was one in which the defendant had set fire to some cornstalks, and the fire had escaped and swept over the plaintiff's meadow, and burned up his property.

In the case of *A. T. & S. F. Rld. Co. v. Dennis,* 38 Kas. 424, this court decided that—

"Section 2, chapter 118, Compiled Laws of 1885, does not authorize a recovery against a railroad company for a fire caused by burning dry grass and weeds on its right-of-way, in the performance of its duty to prevent an accumulation thereof, when there is no negligence or carelessness on the part of the company, or when the damages claimed are the result of unavoidable accident only."

We think the object of the statute under consideration, to quote the language of Chief Justice HORTON in the case last cited, " was to prevent these prairie fires, so disastrous in this state, and make those who set the prairies on fire responsible for all damages done thereby." (See, also, *M. K. & T. Rly. Co. v. Davidson,* 14 Kas. 349; *Emerson v. Gardiner,* 8 id. 452.) It appears, however, in this case, that the tract of land which the defendant sought to burn over was large; that it was not in cultivation, but used for pasturage. We do not think that the fact of its having been inclosed with a fence would of itself necessarily deprive it of the character of a prairie, nor do we think that the mere plowing of a few furrows around a great tract of prairie land can be said, as a

matter of law, to deprive it of its prairie character. On the other hand, where the owner of a tract of land has inclosed it, and is making a beneficial use of it, we do not think that the court is warranted in charging as a matter of law that it is prairie within the meaning of the statute. In a certain sense any small portion of the original prairie which has not been reduced to actual cultivation may be said still to be prairie; yet we know that, as cultivation is extended, and more and more use is made of our prairie land by the farmers, it frequently becomes necessary, in order that the owner may fully enjoy the use of his property, in order that he may obtain the best results from its use, to burn off the dry grasses, weeds, etc., and the object of the statute could not be to prevent him from doing so, or to impose any extreme penalty where all reasonable care was used to prevent the spread of the fire. We are unable to see how a rigid rule of law can be laid down which will determine in every case whether the particular place where the fire is set out is or is not prairie within the meaning of the statute. We think, where use is actually made of the land, it becomes a question for the jury to determine, under proper instructions from the court, whether or not it is still prairie within the meaning of the statute, and this will be determined largely by the character of the use made of the land, and the extent to which it has been brought under the actual dominion and control of the owner. We are not prepared to say, as a matter of law, that a wire fence and six furrows plowed around a section and a half of land transform it from a prairie to a cultivated farm, nor that the pasturing of cattle added to such fencing and plowing will deprive it of its character as prairie;

2. Prairie lands — question for jury. but that is a question to be determined by the jury from all of the facts and circumstances connected with its use. If the jury shall determine that it was at the time of the fire still prairie, then the defendant would be liable for setting out the fire, whether guilty of negligence or not; but if the jury are of the opinion that it has ceased to be prairie and become a farm, then the defendant would only

be liable in case of negligence in permitting the escape of the fire; and, in determining the question of negligence, the jury should take into consideration all the facts and circumstances of the case. The size of the pasture, the time necessarily consumed in burning over it, and the probabilities of changed atmospheric conditions while the fire would ordinarily still be burning, are all circumstances to be taken into consideration by the jury in determining whether or not the defendant was in fact negligent.

Complaint is also made of the refusal of the trial court to charge with reference to contributory negligence on the part of the plaintiff. While we do not think, under the testimony in this case, the failure of the court to give proper instructions upon that proposition is error for which the case would be reversed, we think it proper that the court should give suitable instructions on that point if the testimony on another trial should be substantially the same as shown in the record, and leave the whole subject to the jury to decide.

For the errors of the court in instructing the jury, the judgment must be reversed, and a new trial ordered.

All the Justices concurring.