No. 21699.

MARVIN PENCE, A MINOR, BY HIS PARENTS, MONROE PENCE AND ELIZABETH PENCE *v.* JULIUS E. CHAUDET.

(428 P.2d 705)

Decided June 12, 1967.     Rehearing denied June 26, 1967.

ROBERT LELAND JOHNSON, for plaintiff in error.

WORMWOOD, WOLVINGTON, RENNER and DOSH, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error, hereinafter referred to as Marvin, brought an action against Julius E. Chaudet, who will

be referred to as the defendant, in which he sought to recover damages allegedly sustained when Marvin was struck by an automobile driven by the defendant on South Santa Fe Drive between the intersections of West Iowa Avenue and Jewell Avenue in Denver, Colorado. On the west side of Santa Fe Drive is land occupied by Overland Park Golf Course where there are no residences or improvements. On the east side there are improvements consisting largely of motor courts. South Santa Fe Drive is a heavily traveled traffic artery and the speed limit thereon is 45 miles per hour.

The pleadings in the action contained the usual allegation of negligence on the part of the defendant, which allegation was denied by him. Other issues were made by the pleadings but they are not material in view of the fact that there is but one question here for determination.

A jury was selected to try the case and at the conclusion of the evidence offered by the plaintiff counsel for the defendant moved for a directed verdict on the ground that no negligence on the part of the defendant had been shown. This motion was granted and in so doing the trial court commented, in part, as follows:

"In my judgment the proof is not sufficient to show any wrongdoing or negligence on the part of the defendant which was the proximate cause, or any cause of the injuries sustained by the plaintiff * * *."

The only question presented here is whether there was testimony sufficient to require consideration by the jury of the issue of negligence on the part of the defendant. The full record has been read and we find no substantial conflict in the evidence on this issue.

In brief summary, the facts are that the defendant was driving his automobile on Sante Fe Drive in a southerly direction in an authorized southbound lane of travel, and in all respects in compliance with applicable traffic regulations. The plaintiff was a child six years of age at the time of the accident. He was playing near

a motor court which fronted on the east side of Santa Fe Drive when some other children present mentioned something about putting him in a nearby swimming pool. The boy suddenly dashed out, running toward the opposite side of the street and directly into the path of the oncoming car driven by the defendant. Defendant immediately applied the brakes but there was no time or chance to stop the car or otherwise avoid striking the boy who was knocked to the ground and received certain physical injuries.

There is nothing in the evidence which would justify a finding by a jury that the defendant, under the circumstances presented, had done anything which a reasonably prudent person in the exercise of ordinary care should not have done; and there is no evidence which would sustain a finding that the defendant had failed to do anything which a reasonably prudent person in the exercise of ordinary care should have done in the emergency situation with which he was confronted. As soon as the running boy was seen by the defendant he jammed on his brakes in an effort to avoid the inevitable.

■■ We hold that the trial court correctly determined that there was no evidence to establish negligence on the part of the defendant. The mere happening of an accident does not raise any presumption of negligence on the part of any person involved therein.

In *McSpadden v. Minick*, 159 Colo. 556, 413 P.2d 463, which was another "dart-out" case in which a four and one-half year old boy was struck by an automobile, a verdict was directed in favor of the defendant. In sustaining the action of the trial court this court said, *inter alia*:

"It is generally held that a defendant who does all that a reasonably prudent man would do to avoid an accident of this nature is not guilty of negligence. * * *

* * *

"When a trial judge, after considering all of the evidence, is convinced that there is no basis upon which a

verdict in favor of the plaintiff could be supported, it becomes his duty as a matter of law to sustain a motion for dismissal."

The judgment is affirmed.

MR. JUSTICE SUTTON, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.