No. 21581.

Clara Hamilton and Lowell Wade *v.* Eugene Smith, Tommy Pitman and Hallie Wade.
(428 P.2d 706)

Decided June 12, 1967.

Schmidt & Schmidt, for plaintiffs in error.

Allott and Rogers, for defendants in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Plaintiffs in error were plaintiffs in the trial court and defendants in error were defendants there. They will be hereinafter referred to as they appeared in the trial court or by name.

The plaintiffs brought an action contending that by reason of defendants' negligence a wheat crop owned by the plaintiffs was destroyed by fire, to their damage in the amount of $16,859. A directed verdict was granted for defendants by the trial judge at the close of the plaintiffs' case. Plaintiffs are here on writ of error. On this posture of the case, we are required to examine the

evidence and the record before us in the light most favorable to the plaintiffs since the directed verdict was granted against them. *Nettrour v. J. C. Penney Co.*, 146 Colo. 150, 360 P.2d 964.

Viewing the testimony on behalf of the plaintiffs in that light, we find that on June 28, 1958 the defendants were operating a truck engaged in harvesting the plaintiffs' wheat. A fire broke out in the field either near or under the truck, which fire consumed the wheat in question. There was a sudden gust of wind which occurred simultaneously with the outbreak of the fire and which quickly spread the fire. There was also high stubble in the field which could, on contact with a hot exhaust pipe, become ignited. The truck drivers had been told by one of the plaintiffs to stomp down the stubble whenever the truck stopped. It was common practice in the area to run the truck through the stubble when harvesting. There was no evidence that the stubble had not been stomped down or even that the truck was completely stopped at the time the fire started. Nor was there any claim of mechanical difficulties in the truck. At the time the fire began, there were other people in close proximity to the place where the fire started.

In our view, the trial court correctly found that plaintiffs had not made out a prima facie case. The mere fact that a fire occurred, under the circumstances here, was not in and of itself proof of negligence on the part of the defendants. The mere happening of an accident does not raise a presumption of negligence. *Pence v. Chaudet*, 163 Colo. 104, 428 P.2d 705; *City of Grand Junction v. Lashmett*, 126 Colo. 256, 247 P.2d 909; *Maloney v. Jussel*, 125 Colo. 125, 241 P.2d 862.

The burden was on the plaintiffs to produce some proof, other than pure speculation, not only that the truck started the fire, but that there was some negligence on the part of the defendants. This they failed to do.

Nor can a claim be successfully made that the doctrine of *res ipsa loquitur* applies here. For that doc-

trine to apply, the instrumentality causing the injury must be under the exclusive control of the defendant and the accident must be such as would, in the ordinary course of events, not occur without negligence. The *res ipsa loquitur* doctrine does not apply where on proof of the occurrence alone, without more, the matter still rests on conjecture, or the accident is just as reasonably attributable to other causes as to the negligence of the defendant. *Zimmerman v. Franzen,* 121 Colo. 574, 220 P.2d 344. See also, *Kendall v. Fordham,* 79 Utah 256, 9 P.2d 183.

It is also contended by the plaintiffs that the defendants should have attempted to extinguish the fire. However, there is no evidence which would indicate such efforts would have been to any avail. As a matter of fact, the evidence on behalf of the plaintiff is that as soon as the fire started the wind swept it into a conflagration. Under the circumstances, we can find no breach of duty on the part of defendants for failure to attempt to extinguish the fire.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE DAY concur.