487 P.2d 615 (1971)
Caroline WEIPERT, Plaintiff in Error,
v.
GENERAL ROSE MEMORIAL HOSPITAL ASSOCIATION, and Jane Doe or Jane Does, the unknown agents, servants or employees of General Rose Memorial Hospital Association, Defendants in Error.
No. 70-156.
Colorado Court of Appeals, Div. II.
June 29, 1971.
Ott & Caskins, Richard L. Ott, Jorge E. Castillo, Denver, for plaintiff in error.
Wormwood, Wolvington & Dosh, Winston W. Wolvington, Robert C. Miller, Denver, for defendants in error.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiff in Error Weipert brought this action against Defendants in Error, General Rose Memorial Hospital and its agents to recover damages for injuries received when she fell out of bed while a patient in the Hospital. Weipert alleged the Hospital was negligent in failing to place side rails on the bed. At the close of Weipert's case the trial court directed a verdict of dismissal on motion of defendant Hospital. Plaintiff in Error seeks reversal of the judgment of dismissal on the ground that her evidence established a prima facie case of negligence on the part of the Hospital. We affirm the judgment.
Weipert was admitted to the Hospital for a corneal transplant operation which was duly performed. Six nights after the operation at 3:15 A.M. she fell out of bed breaking her wrist and bruising her hip. Immediately following the operation, the doctor had ordered side rails to be placed on her bed, this being normal post-operative procedure. Two days after the operation the doctor ordered that she could get out of bed on the following day. Both the doctor and the nurse testified that this order automatically revoked the order for side rails. Thereafter the nurse in charge could use side rails if she felt it necessary.
However during the next three days and nights Weipert periodically went to the bathroom unassisted and had been walking down the hall with some assistance from friends.
Weipert asserts that on the night of the accident she was "drugged"; however the record fails to support this assertion.
The happening of an accident does not raise any presumption of negligence on the part of either party. Pence v. Chaudet, 163 Colo. 104, 428 P.2d 705. In order for the plaintiff to recover on a claim of negligence she must show that the defendant was negligent and that the negligence was *616 the proximate cause of her injuries. Independent Lumber Co. v. Leatherwood, 102 Colo. 460, 79 P.2d 1052. The duty of care the defendant Hospital owed to the plaintiff has been stated by the Supreme Court:
"Such hospitals are not insurers of patients' safety, but are obligated to use reasonable care and diligence in safeguarding patients submitted to their charge. Such care and diligence are measured by the capacity of the patient to care for himself." St. Lukes Hospital Association v. Long, 125 Colo. 25, 240 P.2d 917.
The plaintiff argues that failure to put the side rail up on the hospital bed breached this duty.
However, as was stated in McMillan v. Hammond, 158 Colo. 40, 404 P.2d 549,
"The culpability of the actor's conduct must be judged in the light of the possibilities apparent to him at the time, and not by looking backward `with wisdom born of the event.' The standard must be one of conduct rather than of consequences. * * * No man can be expected to guard against events which are not reasonably to be anticipated, or are so unlikely that the risk would commonly be disregarded * * *"
Weipert's actions during the three days that the side rails were not on the bed did not indicate the probability of a fall but, on the contrary, evidenced her ability to get in and out of bed without help and without hazard. Where as here, considering the evidence presented in the light most favorable to the plaintiff, Lee v. Missouri Pacific R. R. Co., 152 Colo. 179, 381 P.2d 35, but one reasonable conclusion might be reached as to the issue of negligence, it is a question of law to be answered by the court. Schaffner v. Smith, 158 Colo. 387, 407 P.2d 23.
Judgment affirmed.
ENOCH and DUFFORD, JJ., concur.