488 P.2d 246 (1971)
IVY MANOR NURSING HOME, INC., a Colorado corporation, Plaintiff in Error,
v.
Murdean D. BROWN et al., Defendants in Error.
No. 71-172, (Supreme Court No. 24546.)
Colorado Court of Appeals, Division II.
August 31, 1971.
*247 Robert W. Hansen, Denver, for plaintiff in error.
Clarke & Waggener, William P. Waggener, Denver, for defendants in error.
Not Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties appear here in reverse order of their trial court appearance but will be referred to by their trial court designations or by name.
Defendant appeals from an adverse judgment rendered by a jury on two claims for relief in an action alleging negligence. Plaintiff has filed cross-error from the dismissal of an additional claim for relief alleged in the complaint. We will address ourselves only to those assignments of error dispositive of this appeal.
The jury verdicts were rendered on claims by plaintiff Murdean Brown and her parents for damages for injuries resulting from a fall by Murdean in October of 1967, allegedly as a consequence of defendant's negligence. Plaintiffs' additional claim, which was dismissed, sought damages for the negligent scalding of Murdean's feet in March of 1967.
Facts pertinent to this appeal are as follows: Plaintiff Murdean Brown, who was 32 years old at the time of trial, had been chronically ill since the age of seven when she suffered brain damage resulting in periodic seizures and mental retardation. Murdean had been in the care of nursing homes since 1964, and was under the care of the defendant nursing home from June 1966 until October 1967.
An employee of defendant testified that, because of Murdean's weight and the possibility that she might have a seizure and fall, two attendants were required to help her move about. While in the bathroom, however, Murdean was accompanied by only one attendant since the room was too small to accommodate Murdean and two aides. Evidence indicated that in the past Murdean had been subject to falls with resultant injury and that defendant was aware of this persistent danger.

I.
It is defendant's contention that the trial court erred in applying the doctrine of res ipsa loquitur to the issues submitted to the jury and that, even if res ipsa loquitur were applicable, the instructions given did not adequately describe the doctrine. It is not necessary that we discuss the adequacy of the res ipsa loquitur instruction as we agree with defendant's argument that no instruction should have been submitted to the jury regarding that doctrine.
*248 Plaintiffs concede there was no direct evidence as to the cause of Murdean's October injury; only that one nurse testified that it was reported to her that Murdean suffered a fall while in a bathroom, four days prior to the discovery of her broken hip. It may just as easily be inferred that the fall was occasioned without negligence as with negligence.
Although the total fact situation may have been sufficient to raise issues of negligence, Remley v. Newton, 147 Colo. 401, 364 P.2d 581, it is the rule in Colorado that where, as here, the facts indicate with equal reasonableness that the injury was due to a cause other than the negligence of the defendant, the doctrine of res ipsa loquitur is inapplicable. Hamilton v. Smith, 163 Colo. 88, 428 P.2d 706; Hook v. Lakeside Park Co., 142 Colo. 277, 351 P.2d 261; Saliman v. Silk, 118 Colo. 220, 194 P.2d 304; Yellow Cab Co. v. Hodgson, 91 Colo. 365, 14 P.2d 1081. There is no evidence to indicate that this is the type of accident which would not normally occur without negligence on the part of the defendant. Barnes v. Frank, 28 Colo.App. 389, 472 P.2d 745.
We hold that it was reversible error for the trial court to instruct the jury on the doctrine of res ipsa loquitur.

II.
As it will be necessary to retry this case, we must also address ourselves to the error alleged on cross-appeal.
In support of their claim for the negligent scalding of Murdean's feet, plaintiffs introduced an accident report, dated March 9, 1967, prepared by a practical nurse employed by defendant. This nurse testified that the accident report was made after she investigated the circumstances surrounding the scalding. Her report states that Murdean's feet were burned when she was "placed in a tub of hot running water." Murdean's mother testified that she asked a nurse's aide and the nursing home's administrator how the accident occurred but received no explanation. The only evidence produced by defendant concerning the incident was the testimony of a nurse's aide who stated that, while she and another aide were assisting Murdean into a bathtub, Murdean apparently tried to help and reached for support, accidentally turning on a hot-water faucet causing the scalding hot water to burn her feet.
Plaintiffs contend that the trial court erred in taking the issue of negligence from the jury. We agree. Although the evidence of negligence in this occurrence is primarily circumstantial in nature, it is of such character that a jury might infer sufficient facts to establish liability on the part of the nursing home.
While proof of the happening of the accident raises no inference of negligence, negligence may be established by facts and circumstances surrounding an accident and if reasonable and fair-minded men might draw different conclusions or inferences, after considering all the circumstances, then the question of negligence is for determination by a jury. Remley v. Newton, supra.
Only in the clearest of cases, where facts are undisputed and reasonable men could draw but one inference from them, is the question of negligence to be taken from the jury and decided by the court as it was in this instance. Roberts v. Fisher, 169 Colo. 288, 455 P.2d 871.
Judgment reversed and remanded for new trial on all issues.
COYTE and DWYER, JJ., concur.