**Don William NUTTING and Lila Rose Nutting, Plaintiffs–Appellants,**

v.

**NORTHERN ENERGY, INC., Defendant–Appellee.**

No. 93CA0391.

Colorado Court of Appeals, Div. I.

April 7, 1994.

Bradley A. Stephenson, P.C., Bradley A. Stephenson, Lawrence S. Mertes, P.C., Law-

rence S. Mertes, Boulder, for plaintiffs-appellants.

Quigley & Bruce, Neil Quigley, Denver, for defendant-appellee.

Opinion by Judge BRIGGS.

In an action to recover damages for negligence, plaintiffs, Don W. and Lila R. Nutting, appeal from the judgment entered upon a jury verdict for defendant, Northern Energy, Inc. We affirm.

At plaintiffs' request, defendant's employee installed a propane gas transmission line from an exterior propane tank into a home owned by plaintiffs and connected the line to an existing water heater. Approximately two weeks later, a fire, which originated in the closet housing the water heater, destroyed the home. The cause of the fire was contested at trial.

Plaintiffs presented two theories of the fire's origin, both involving propane leaks allegedly resulting from defendant's negligence. Defendant's employee admitted at trial that, while installing the gas transmission line, he discovered a leak in the gas control valve of the water heater itself. Plaintiffs also alleged there had been another leak because the employee negligently failed to tighten a connection in the gas line. In support of this theory, plaintiffs introduced the testimony of an investigator who, a week after the fire, found the connection to be loose.

Defendant presented expert testimony that the leak in the control valve of the water heater was not a danger and could not have permitted sufficient gas to escape to ignite and cause the fire. Further, the employee who installed the transmission lines had informed plaintiffs' tenants of the leak and advised them to get it fixed.

Defendant also denied plaintiffs' contention that a connection was loose in the gas line its employee installed. Defendant offered the testimony of a fireman who inspected the gas line immediately after the fire and found that the connection was sufficiently tight that he could not loosen it with his gloved hands. Experts for defendant testified that, even if the connection were leaking as the plaintiffs alleged, any leaking gas could not have been ignited by the water heater's burner, which was two feet away.

Plaintiffs' tenants admitted that until about an hour before the fire they had been working in a room adjacent to the water heater closet and that the door to the closet had been removed. Even though propane gas is odorized, no one smelled gas either then or at any other time during the two weeks between the installation of the gas lines and the time of the fire.

Defendant's experts testified that the fire was probably caused by a downdraft, flaring the water heater main burner which ignited combustible material that had been stored too near the water heater. At the time of the fire, winds were blowing in excess of eighty miles per hour outside the house.

Conflicting testimony was offered regarding the contents of the water heater closet at the time of the fire. However, plaintiffs' tenants admitted storing shoes, a cardboard box, a duffel bag, and magazines in the closet. Other witnesses testified that after the fire they found cloth, clothes, wood, paint cans, and a glue gun in the closet and a ruptured aerosol can under the water heater.

The trial court denied plaintiffs' request to give the jury a *res ipsa loquitur* instruction. The jury returned the verdict in favor of defendant that is the subject of this appeal.

## I.

Plaintiffs first contend that the trial court erred in denying their request that the jury be given an instruction on the doctrine of *res ipsa loquitur*. We disagree.

■ The mere happening of an accident does not establish a presumption of negligence. *Hamilton v. Smith*, 163 Colo. 88, 428 P.2d 706 (1967).

■ Under the doctrine of *res ipsa loquitur*, it may be inferred that the harm suffered by the plaintiff is caused by the negligence of the defendant when: (1) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; (2) the event is

the kind which ordinarily does not occur in the absence of negligence; and (3) the negligence is within the scope of the defendant's duty to plaintiff. *Montgomery Elevator Co. v. Gordon,* 619 P.2d 66 (Colo.1980).

■ Whether the doctrine of *res ipsa loquitur* is applicable is a question of law for the courts. *Zimmer v. Celebrities, Inc.,* 44 Colo.App. 515, 615 P.2d 76 (1980). If the trial court, viewing all of the evidence and inferences in a light most favorable to the plaintiff, does not find that it is more likely than not that defendant's negligence was the cause of the plaintiff's injury, the doctrine is inapplicable. *Holmes v. Gamble,* 655 P.2d 405 (Colo.1982); *see Hamilton v. Smith,* 163 Colo. at 91, 428 P.2d at 708 ("The *res ipsa loquitur* doctrine does not apply where ... the accident is just as reasonably attributable to other causes as to the negligence of the defendant.").

Plaintiffs rely on *Hartford Fire Insurance Co. v. Public Service Co.,* 676 P.2d 25 (Colo. App.1983), to support their contention that the trial court committed reversible error by refusing to give a *res ipsa loquitur* instruction. However, in that case, the evidence established that negligence was more likely than not that the cause of the fire and that the negligence was more likely than not that of the defendant in allowing natural gas to escape from pipes it owned and controlled.

■ Here, the evidence did not establish that the fire was more likely than not caused or initially fueled by a propane leak which allowed gas to accumulate. And, while defendant's employee had discovered a minute leak in the control valve of the water heater itself, there was no evidence that its repair was within the scope of the employee's responsibility. On the other hand, the evidence was undisputed that the employee reported the leak to the plaintiffs' tenants and advised them that they should have it fixed. Plaintiffs failed to present any evidence that this conduct by the employee fell below the standard of care of a reasonable person in the employee's position.

Moreover, it was also undisputed that plaintiffs and their tenants had exclusive access to and control over the closet housing the water heater and the connector in question for two weeks prior to the fire. During that time, they had removed the door to the closet, stored materials in it, and had been working nearby.

■ The circumstantial evidence, when viewed in the light most favorable to plaintiffs, established no more than that the fire could just as reasonably have been attributed to a cause other than negligence within the scope of defendant's duty. The trial court therefore properly determined the doctrine of *res ipsa loquitur* did not apply. *See Hamilton v. Smith, supra; see generally* Annotation, *Res Ipsa Loquitur as to Cause of or Liability for Real Property Fires,* 21 A.L.R.4th 929 (1983).

In addition, the theory of *res ipsa loquitur* is based in part upon the consideration that a defendant with superior knowledge or means of information as to the cause of an accident should be required to produce the evidence and explanation. *See Shutt v. Kaufman's, Inc.,* 165 Colo. 175, 438 P.2d 501 (1968). The circumstances presented here do not suggest or indicate such superior knowledge or opportunity for explanation on the part of defendant.

Because plaintiffs failed to present sufficient evidence to support a theory of *res ipsa loquitur,* and because defendant had no superior knowledge or means of explaining the cause of the fire, the trial court did not err in refusing plaintiffs' instruction on that theory. *See Canape v. Peterson,* —— P.2d —— (Colo. App. No. 93CA0016, February 24, 1994).

II.

The jury returned the special verdict form, finding no negligence on the part of defendant. Plaintiffs assert that the finding was contrary to a negligence *per se* instruction and manifestly against the weight of evidence. Again, we disagree.

The jurors were instructed that if they found that the defendant had violated either of two stated National Fire Protection Association Code sections they were to find for the plaintiffs and against the defendant on the issue of negligence. The negligence *per se* instruction read in pertinent part:

At the time of the occurrence in question in this case, the following standards relative to propane gas systems were incorporated in a statute of Colorado:

2.6.1 General:

b. Used Materials: Pipe fittings, valves or other materials shall not be used again unless they are free of foreign materials and have been ascertained to be adequate for the service intended.

4.1.5 Detection of Leaks and Defects:

a. The piping system shall withstand the test pressure specified without showing any evidence of leakage or other defects.

A violation of this statute constitutes negligence.

If you find such a violation, you may only consider it if you also find that it was the cause of the claimed injuries, damages, or losses.

Plaintiffs asserted that, because a leak in the control valve of the water heater was discovered by defendant during the installation of the gas line and not repaired, defendant violated 4.1.5(a) of the code. They also argued that because a foreign material, pipe dope, was found after the fire in one of the gas line connections, defendant violated 2.6.1(b) of the code. In either event, plaintiffs now contend the jury was required to find the defendant negligent *per se*. We are not persuaded.

Jury verdicts will not be reversed on appeal if the record reveals any basis to support them. *H & H Distributors, Inc. v. BBC International, Inc.*, 812 P.2d 659 (Colo. App.1990).

Here, the jury could have found that any duty of care defendant owed plaintiffs did not encompass the repair of the water heater itself. It also could have concluded that the "piping system" referred to in the code did not include the water heater to which the piping defendant installed was attached.

Likewise, we find a sufficient basis in the record for the jury to conclude that the pipe dope was not a "foreign material." Furthermore, because it was nearly three years after the fire before the pipe dope was allegedly

discovered in the connection, the jury could have properly refused to infer that defendant's employee had left old pipe dope in the connection at the time he installed the gas line.

We therefore conclude that the jury verdict was not contrary to the negligence *per se* instruction and was not manifestly against the weight of the evidence.

Judgment affirmed.

STERNBERG, C.J., and KAPELKE, J., concur.