**Keith D. MINTO and Georgina L. Minto, Plaintiffs–Appellants,**

v.

**Neil SPRAGUE, Defendant–Appellee.**

**No. 03CA2522.**

Colorado Court of Appeals,
Div. I.

June 16, 2005.

Certiorari Denied Nov. 28, 2005.*

---

* Justice COATS would grant as to the following issues:

  Whether the strict liability statute concerning wild fire found at C.R.S. Section 13-21-105 requires an intention to start a fire or just an intentional act that starts a fire.

  Whether the Legislature is restricted by common law when creating strict liability.

  Whether there can be trespass by fire.

Dean & Reid, LLC, Daniel W. Dean, Fort Collins, Colorado, for Plaintiffs–Appellants.

Light, Harrington & Dawes, P.C., Steven J. Dawes, Alenka J. Han, Denver, Colorado, for Defendant–Appellee.

CARPARELLI, J.

In this negligence action, plaintiffs, Keith D. Minto and Georgina L. Minto, appeal from the judgment entered upon a jury verdict in favor of defendant, Neil Sprague. We affirm.

Plaintiffs allege that their land was damaged by a fire that started on defendant's adjoining parcel. Defendant testified that while he was operating a bulldozer on his land, the machine scraped a rock and caused a fire. The fire quickly spread, burning an area of approximately 1,200 to 1,500 acres, including plaintiffs' land. Plaintiffs sued defendant for negligence.

Plaintiffs tendered jury instructions, including one regarding strict liability patterned on § 13–21–105, C.R.S.2004, and one regarding res ipsa loquitur. The trial court rejected both instructions. Plaintiffs appeal based on these rulings.

## I.  Strict Liability

Plaintiffs contend the trial court erred when it declined to instruct the jury on the doctrine of strict liability under § 13–21–105. We are not persuaded.

Section 13–21–105(1) states: "[I]f any person sets fire to any woods or prairie so as to

damage any other person, such person shall make satisfaction for the damage to the party injured, to be recovered in an action before any court of competent jurisdiction."

## A. Standard of Review

■ The interpretation of a statute is a question of law subject to de novo review. *Hendricks v. People*, 10 P.3d 1231 (Colo. 2000).

■ We interpret statutes in a manner that gives effect to the General Assembly's intent. To do this, we begin with the language of the statute, giving words their plain and ordinary meaning. *Carlson v. Ferris*, 85 P.3d 504 (Colo.2003).

■ When the plain language of a statute is free from ambiguity, other rules of statutory construction are unnecessary. *Kinder v. Indus. Claim Appeals Office*, 976 P.2d 295 (Colo.App.1998); *Spanish Peaks Mental Health Ctr. v. Huffaker*, 928 P.2d 741 (Colo.App.1996). The court should only resort to extraneous evidence for clarification when an uncertainty exists. *McNichols v. City & County of Denver*, 120 Colo. 380, 209 P.2d 910 (1949).

## B. "Sets Fire To"

■ Plaintiffs contend that, as used in § 13–21–105(1), "sets fire to" are words of strict liability. We conclude that "sets fire to" may be words of strict liability, but they refer to setting fire as an act whose purpose is to start a fire, not to an act whose purpose is otherwise.

### 1. Common Usage

Article 21 of Title 13 contains no definition of "sets fire to." In its most common usage, the word "sets" connotes a purposeful effort to bring about a desired condition. *See Webster's Third New Int'l Dictionary* 2077 (1986). And § 13–21–105 contains no language indicating that the General Assembly intended to impose liability on those who do not seek to start a fire. For example, it does not contain phrases such as "causes a fire," "intentionally or otherwise," or "negligently or otherwise." *Cf., e.g.,* §§ 18–13–109, 40–30–103, C.R.S.2004.

## 2. Ultrahazardous Activities and Defendant's Activity

■ Strict liability is most commonly applied in matters of product liability, ultrahazardous activities, and trespass that, by their nature, may cause harm to others regardless of the exercise of due care. Because the statute here bears no relationship to product liability and there is no allegation that the fire began when defendant was trespassing on plaintiffs' land, we consider plaintiffs' proposed interpretation in the context of the law of ultrahazardous activities.

Restatement (Second) of Torts § 519 (1977) describes the liability for such activities as follows:

(1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.

(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

■ When determining whether an activity is ultrahazardous, courts consider whether: (1) the activity poses a high degree of risk of harm to a person, land, or chattels; (2) it is likely that the resulting harm will be great; (3) the risk cannot be eliminated by exercising reasonable care; (4) the activity is not a matter of common usage; (5) the activity is inappropriate where it occurred; and (6) the activity's value to the community is outweighed by the danger. *King v. United States*, 53 F.Supp.2d 1056 (D.Colo.1999), *rev'd on other grounds*, 301 F.3d 1270 (10th Cir.2002); *see Imperial Distrib. Servs., Inc. v. Forrest*, 741 P.2d 1251 (Colo.1987)(courts may instruct that defendant owed duty of highest standard of care only when defendant engaged in an *activity* that poses a high risk of injury to others); *W. Stock Ctr., Inc. v. Sevit, Inc.*, 195 Colo. 372, 379, 578 P.2d 1045, 1050 (Colo.1978)("blasting with dynamite and impounding water have been held to be ultrahazardous activities").

These considerations all focus on the "activity" being conducted. It is plausible that the General Assembly intended that the statute treat the activity of setting fire to woods or prairie as an ultrahazardous activity. Indeed, setting fire to woods or prairie can pose a high degree of risk and can cause great harm, and a great deal of care may be required to eliminate the risk.

Here, there is no evidence that defendant's use of the bulldozer posed a high degree of risk of fire or that defendant was engaged in the act of setting fire or working with fire. Nonetheless, plaintiffs argue that the plain meaning of "sets fire to" reflects the General Assembly's intention to create strict liability even when an activity poses no foreseeable risk of fire but *results* in a fire in woods or on a prairie. We conclude that plaintiffs' argument is contrary to the general principles of strict liability.

### 3. Section 13–21–105(2)

■ Plaintiffs also contend that § 13–21–105(2)(a), C.R.S.2004, which became law in 2002, shows "the current political climate to impose strict liability upon fire starters." We conclude that evidence tending to show the current political climate is not probative of the General Assembly's intent when it drafted subsection (1).

In 2002, the General Assembly amended § 13–21–105. The amendment designated the pre-existing language as subsection (1), but made no changes in that language, which has remained the same since 1973. The only substantive change made by the General Assembly in 2002 was to add subsection (2).

Section 13–21–105(2)(a) states that when the governor declares a state of emergency or disaster due to drought, and a "person knowingly sets fire to any woods or prairie," "such person may be held liable for treble damages to any injured party."

Plaintiffs do not refer to floor debate regarding the House bill and special session bill that resulted in enactment of subsection (2). Instead, they refer to floor debate regarding a regular session bill that died, and they argue that the debate regarding the choice between the word "knowingly" and the word "recklessly" confirms that the phrase "sets fire to" includes any act and that the phrase "knowingly sets fire to" includes negligent and intentional conduct.

■ If a statute is ambiguous, we may consider other matters, including the legislative history of the statute. Section 2–4–203, C.R.S.2004. However, "[c]ourts avoid deducing the intent behind one act of [the legislature] from the implication of a second act passed years later." *Schrader v. Idaho Dep't of Health & Welfare*, 768 F.2d 1107, 1114 (9th Cir.1985). Moreover, the "interpretation placed upon an existing statute by a subsequent group of [legislators] who are promoting legislation and who are unsuccessful has no persuasive significance." *United States v. Wise*, 370 U.S. 405, 411, 82 S.Ct. 1354, 1358–59, 8 L.Ed.2d 590 (1962).

■ Assuming, without deciding, that the phrase "sets fire to" in subsection (1) is ambiguous, we conclude that it is inappropriate to consider floor debate on a bill that died decades after adoption of the language at issue. *See Penn Mut. Life Ins. Co. v. Lederer*, 252 U.S. 523, 40 S.Ct. 397, 64 L.Ed. 698 (1920).

### 4. Railroad Statute

Plaintiffs also contend that there is a latent ambiguity in the words "sets fire to" and argue that § 13–21–105 imposes strict liability because it is indistinguishable from § 40–30–103, a strict liability railroad statute. Again, we disagree.

Section 40–30–103 states that "[e]very railroad company operating its [railroad] ... shall be liable for all damages by fires that are set out or caused by operating any such [railroad] ... whether negligently or otherwise."

Plaintiffs' assertion that the foregoing language is indistinguishable from § 13–21–105(1) is erroneous. The strict liability established in the railroad statute arises most clearly from the phrases "whether negligently or otherwise," and "or caused by operating" a railroad, not from the phrase "fires that are set out." In addition, the railroad statute pertains only to the operation of a

railroad and reflects legislative policy regarding the inherent dangers of railroads.

### 5. Kansas Law

In oral argument, plaintiffs asserted that, because decisions of Kansas courts interpret a statute that includes the phrase "shall set fire to" as imposing strict liability, we must conclude that the meaning of "sets fire to" is ambiguous and, as a result, consider the Kansas decisions to determine the intent of our own General Assembly. We reject this assertion.

Kansas General Statute 1901, § 8010 (repealed 1972) stated: "[I]f any person shall set on fire any woods, marshes, or prairies . . . he shall be liable to the party injured for the full amount of such damage, to be recovered by civil action."

The Kansas court has held that this statute creates strict liability, but only for one who intentionally sets a fire to woods, marshes, or prairies. More precisely, the court has stated, "Of course, this 'setting on fire' must be the direct intentional act of the defendant . . . and not an unavoidable accident." *Hunt v. Haines*, 25 Kan. 210, 210 (1881)(citing *Missouri, K. & T. Ry. v. Davidson*, 14 Kan. 349 (1875)). The court confirmed this interpretation in *Johnston v. Marriage*, 74 Kan. 208 (1906), where it said, "To recover under this statute, it is necessary to show a direct and intentional setting of fire to woods, marsh, or prairie."

### D. Conclusion

■ We conclude that neither the decisions of the Kansas courts, nor § 40–30–103, nor § 13–21–105(2)(a) reveals ambiguity in the meaning of "sets fire to." We further conclude that interpreting "sets fire to" as imposing liability for accidental fires would be contrary to the general principles of common law strict liability. Consequently, we perceive no reasonable basis to conclude that the General Assembly may have intended or understood the phrase "sets fire to" to include fires started as the result of negligent conduct.

■ Thus, contrary to plaintiffs' argument, we conclude that the plain and ordinary meaning of the phrase "sets fire to" does not apply to driving a bulldozer and unintentionally igniting a fire.

Therefore, we conclude the trial court properly declined to give the proposed strict liability instruction.

### II. Res Ipsa Loquitur

■ Plaintiffs next argue that the trial court erred when it rejected their proposed instruction on the doctrine of res ipsa loquitur. We disagree.

■ "A trial judge is obligated to correctly instruct the jury on the law applicable to the case." *Jordan v. Bogner*, 844 P.2d 664, 667 (Colo.1993). Whether res ipsa loquitur is applicable is a question of law for the trial court. *Zimmer v. Celebrities, Inc.*, 44 Colo.App. 515, 615 P.2d 76 (1980).

■ The doctrine gives rise to a rebuttable presumption of a defendant's negligence. *Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109 (Colo.1991). When a plaintiff introduces sufficient evidence to establish a presumption of negligence, the trial court must instruct the jury on the doctrine. *Ravin v. Gambrell*, 788 P.2d 817 (Colo.1990).

■ To demonstrate that the doctrine is applicable, a plaintiff must introduce evidence which, when viewed in the light most favorable to the plaintiff, establishes that it is more probable than not that: (1) the event is of the kind that ordinarily does not occur in the absence of negligence; (2) responsible causes other than the defendant's negligence are sufficiently eliminated; and (3) the presumed negligence is within the scope of the defendant's duty to the plaintiff. *Williams v. Boyle*, 72 P.3d 392 (Colo.App.2003).

■ To establish a prima facie case of res ipsa loquitur, plaintiffs were required to present sufficient evidence upon which the trial court could have concluded that defendant's negligence was the more probable explanation for the fire. But they were not required to conclusively exclude all possible explanations for the accident. *See Montgomery Elevator Co. v. Gordon*, 619 P.2d 66 (Colo.1980).

However, when the facts and circumstances of the occurrence create conflicting inferences, one of due care and one of negligence, the doctrine does not apply. *Zimmerman v. Franzen,* 121 Colo. 574, 220 P.2d 344 (1950). The doctrine also does not apply when a court, viewing all the evidence and inferences in the light most favorable to the plaintiff, does not find that it is more likely than not that the defendant's negligence was the cause of the plaintiff's injury. *Holmes v. Gamble,* 655 P.2d 405 (Colo.1982); *Hamilton v. Smith,* 163 Colo. 88, 428 P.2d 706 (1967)(holding that when it can be equally inferred that the accident was caused by something other than defendant's negligence, the doctrine does not apply).

Here, plaintiffs presented no evidence regarding the cause of the fire. However, defendant presented uncontroverted evidence that the fire started when he drove his bulldozer over a rock, creating a spark. In support of this theory, a fire investigator testified that he inspected the site and the scraped rock and determined that there was nothing to contradict defendant's statement that the bulldozer scraped the rock and started the fire.

Plaintiffs did not introduce sufficient contradictory evidence to make it more probable than not that an unknown negligent act by defendant, and not the act of scraping the rock with the bulldozer, caused the fire. Thus, they failed to present prima facie support for their theory of res ipsa loquitur.

Considering all the circumstantial evidence and inferences in the light most favorable to plaintiffs, we conclude that it is at least equally likely that an act other than defendant's negligence caused plaintiffs' injury. Therefore, the trial court correctly rejected plaintiff's proposed instruction and held that, as a matter of law, res ipsa loquitur did not apply.

The judgment is affirmed.

Judge MARQUEZ and Judge LOEB concur.