Stephen ZIMMER, Jr., a minor, by and through his father and next friend, Stephen Zimmer, Sr., and Stephen Zimmer, Sr., Individually, Plaintiffs-Appellees,

v.

CELEBRITIES, INC., a Colorado Corporation, d/b/a Celebrity Sports Center, Inc., Defendant-Appellant.

No. 79CA0148.

Colorado Court of Appeals, Div. II.

July 24, 1980.

Gorsuch, Kirgis, Campbell, Walker & Grover, Bennett S. Aisenberg, Denver, for plaintiffs-appellees.

Yegge, Hall & Evans, Raymond J. Connell, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals from a judgment entered on a jury verdict in favor of plaintiffs, a minor and his father as next friend, for personal injuries suffered by the child. We affirm.

The child was 25 months old when his injury occurred in 1971. He had been placed by his mother in a nursery provided for patrons of defendant's bowling alley. After approximately an hour, the mother was called from the bowling area because the child had been found lying on his back, crying. The mother immediately took the child to the family pediatrician. Medical examination revealed a skull fracture at the back of his head, and a perforation of the skull between the two bony prominences at the base of the head.

The nursery had three adult attendants to care for approximately 31 children. At the time of the incident, the only attendant then in the room testified that she heard a loud "thud." She also testified that her back was turned and she did not see the child fall. Another attendant who emerged from an adjoining room where infants were kept stated that she saw her co-worker pick the child up from the floor.

Though there was much speculation by both sides, neither side was able to present any direct evidence as to how the injury occurred.

1. We need not address the applicability of comparative negligence in the context of this case.

I.

Defendant first contends that the court erred in applying the doctrine of res ipsa loquitur and in giving instructions to the jury on this doctrine. We disagree.

Whether the circumstantial evidence warrants the inference that it is more probable that defendant's negligence caused the injury, so that the doctrine of res ipsa loquitur is applicable in the first instance, is a question for the trial court as a matter of law. See McGee v. Heim, 146 Colo. 533, 362 P.2d 193 (1961); Oil Building Corp. v. Hermann, 29 Colo.App. 564, 488 P.2d 1126 (1971).

In Branco Eastern Company, Inc. v. Leffler, 173 Colo. 428, 435, 482 P.2d 364, 367 (1971), the Supreme Court adopted the following guidelines or rules for the application of the doctrine of res ipsa loquitur:

"It may be inferred that harm suffered by the plaintiff is caused by the negligence of the defendant when:

1. 'The event is the kind which ordinarily does not occur in the absence of negligence.

2. Other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence.

3. The indicated negligence is within the scope of the defendant's duty to the plaintiff.' Restatement of Torts, 2d § 328D

and

4. 'The plaintiffs are free from any contributory negligence or other responsibilities.' W. Prosser, Law of Torts (2d Ed.) § 42, at 199." (emphasis in original.) [1]

See also Bloxsom v. San Luis Valley Crop Care, Inc., Colo., 596 P.2d 1189 (1979). Thus, the question before us is whether plaintiffs succeeded in meeting their burden of proving these four defined elements.

In this case it may be inferred that the injury to the child would not ordinarily have occurred in the absence of negligence.

See Gordon v. Westinghouse Electric Corp., Colo., 599 P.2d 953 (1979).

Where a 25-month-old child, who has been placed in a nursery for supervision and care, receives a severe skull fracture and there is no explanation for the injury, the evidence is sufficient to support a ruling as a matter of law that plaintiff has made a prima facie case that the injury would not have occurred but for the negligence of someone. Further, we agree with the trial court that the plaintiffs' evidence as to the exposed pipes of a drinking fountain in the play area, and inadequate supervision, established a factual basis from which the jury could conclude that the injury more probably than not was a result of negligence. *Restatement (Second) of Torts* § 328D, Comment d at 158–159. Thus, the first element has been satisfied.

The second element was satisfied because there was no evidence of other responsible causes. The child's mother and her friend testified that when they left the child in the nursery, he was in no discomfort nor was there anything abnormal about his actions or appearance. Nor did the nursery personnel testify to anything unusual about the child when he arrived.

■ The third element has also been established. Defendant assumed the responsibility of caring for the child, and defendant had a duty of reasonable care while dealing with children upon the premises. *Nettrour v. J. C. Penney Co.*, 146 Colo. 150, 360 P.2d 964 (1961); *Krause v. Watson Bros.*, 119 Colo. 73, 200 P.2d 387 (1948). The event here was of the kind indicating negligence in the performance of an act which was within the scope of defendant's duty to the plaintiff.

The final element necessary for the application of the doctrine of res ipsa loquitur, that the plaintiff be free from negligence, is established here. There is nothing in the record indicating that the child was in any way responsible for his own injuries. Although the pediatrician testifying for defendant stated that a child could suffer similar injuries without the intervention of any third person, there was no evidence that the child precipitated this injury. These circumstances are also supportive of

the first element, discussed above. Thus, the final element was proven. *See Branco v. Leffler, supra; Bloxsom v. San Luis Valley Crop Care, Inc., supra.*

■ Therefore, the court did not err in applying the doctrine of res ipsa loquitur to the facts of this case and instructing the jury accordingly. Nor was it error to deny defendant's motion for a directed verdict which was requested on grounds of lack of proof of the specific act which proximately caused the injury.

## II.

Defendant further argues that the doctrine of res ipsa loquitur is not applicable in this action because the injury cannot be traced to a specific instrumentality in the exclusive control of defendant as the most reasonably probable cause of the injury. We do not agree.

■ Plaintiff is not required in every case to show a specific instrumentality of harm in the exclusive control of defendant. The drafters of *Restatement (Second) of Torts* have indicated, in their comments, that in making the negligence "point to defendant . . . [u]sually this is done by showing that a specific instrumentality has caused the event, or *all reasonably probable causes*, were under the exclusive control of the defendant . . . . It is not, however, necessary to the inference that the defendant have such exclusive control; and exclusive control is merely one way of proving his responsibility." *Restatement (Second) of Torts* § 328D, Comments f and g. (emphasis added); *Gordon v. Westinghouse Electric Corp.*, Colo.App., 599 P.2d 953 (1979).

## III.

■ Defendant also contends that res ipsa loquitur is inapplicable in this case because plaintiffs have argued and introduced some evidence that defendant was negligent in supervision of the nursery. Defendant reasons that negligent supervision would be a specific act of negligence and therefore res ipsa is not applicable. We

**80**

do not agree. *Kitto v. Gilbert,* 39 Colo.App. 374, 570 P.2d 544 (1977), is dispositive of this issue. In that case we held that:

"Res ipsa loquitur is a rule which presumes evidence which applies when it is judicially determined that a particular unexplained occurrence creates a prima facie case of negligence without proof of specific misfeasance. . . . A corollary requirement is that no direct evidence exists establishing that a specific act of negligence was *the only likely cause* for the harm. . . . *The mere introduction of evidence as to how an accident could have occurred and its possible causes* does not necessarily preclude application of res ipsa loquitur so long as that evidence does not clearly resolve the issue of culpability."

39 Colo.App. at 379, 570 P.2d at 548 (emphasis added except the word "possible").

Even though evidence was offered concerning the probabilities of the injury being caused by a piece of equipment or by inadequate supervision on the premises, there was no direct evidence establishing a specific act of negligence which was the only likely cause of the injury, and the evidence presented did not resolve the issue of culpability.

## IV.

Finally, defendant contends it was error to give the jury two instructions regarding standard of care.

The jury was instructed that reasonable care is that care used by a reasonably prudent person in the same or similar circumstances. A separate instruction, with language taken directly from *Nettrour v. J. C. Penney Co., supra,* stated that the degree of care required of a child is measured by childhood, and that one who deals with children is bound to exercise greater caution than in dealing with an adult. Defendant contends that the instructions were repetitive and could mislead a jury into believing that more than reasonable care is required where children are involved.

The first instruction was the standard instruction recommended for use when "reasonable care" is used in another instruction and needs further definition. C.J.I. 9:6. The second instruction accurately paraphrased C.J.I. 9:7 in part and went on to provide the "further definition" of reasonable care as to children under the case law in Colorado. *Nettrour v. J. C. Penney Co., supra; Krause v. Watson Bros., supra.* We find no error in the giving of these instructions.

Judgment affirmed.

COYTE and RULAND, JJ., concur.