This is an appeal from a summary judgment granted in favor of a manufacturer and a painter in a negligence action.
On October 21, 1980, Helen Thompson, while accompanied by her husband, parents, and a realtor, toured a townhouse as a business invitee of David W. Thames, Inc. (Thames), the owner of this residential unit. During her inspection, Helen attempted to open a kitchen cabinet and the cabinet door fell and struck her on the head and arm. Immediately after the accident, Helen's father and husband examined the cabinet door and discovered that no screws or other devices were affixed to the door to secure it to the cabinet.
Ragsdale Cabinet Shop (Ragsdale) contracted with Thames to manufacture and deliver the cabinet in question. The cabinet was constructed on an assembly line where a Ragsdale employee would affix screws and hinges to the cabinet door. The cabinet would then be placed upright and a wooden strip nailed across the door to prevent the cabinet from opening during transit. A Ragsdale employee inspected the cabinet before delivery to Thames and found no defects in its construction. Upon delivery of the cabinet to Thames, Ragsdale had no further contact with the cabinet.
After delivery, Gerald Dennis, a subcontractor of Thames, nailed the cabinet to the townhouse kitchen wall. Upon completion of this task, Dennis reported no defects in the cabinet door to Thames. Another Thames subcontractor, Harvey Lee, then applied a sealant to the inside and outside of the cabinet. Although Lee employed four other workers to aid in the three-step process, Lee himself applied the final coat of sealant to the cabinet, a process which he would not have performed if the cabinet door was not properly secured to the cabinet. After a final inspection which revealed no defects, Lee had no further contact with the cabinet.
Thames then employed another worker to affix pulls to the cabinet door. This worker reported no defects in the cabinet to Thames. Both Thames and a Veterans Administration official then inspected the townhouse before the Thompsons toured the facility, and neither person reported any defects in the cabinet.
On October 21, 1980, Helen and Glen Thompson filed suit in Montgomery county circuit court to recover damages for the personal injuries sustained by Helen while on the townhouse premises and for the loss of Helen's services and companionship sustained by Glen as a result of Helen's injury. Their complaint alleged that the concurring *Page 115 
negligence of Thames, Ragsdale, Dennis, and Lee in negligently constructing, staining, or installing the cabinet in question, or negligently supervising that work on the cabinet, proximately caused the Thompsons' injuries. Gerald Dennis was never personally served with process and was thus never a party to the action. The remaining defendants filed timely answers, and the court denied Thames and Ragsdale's motion to dismiss. On April 7, 1982, the United States of America was added as a party plaintiff to recover the cost of medical and hospital services rendered by the United States to Helen as a result of her injuries.
Lee and Ragsdale both filed motions for summary judgment based on the pleadings, affidavits, and briefs submitted in support of their motions. On June 22, 1982, the trial court entered an order of dismissal pro tanto which dismissed Thames with prejudice and reserved the Thompsons' right to proceed against Lee and Ragsdale. The trial court subsequently granted both Lee and Ragsdale's motions for summary judgment. The Thompsons' motion to alter, amend or vacate this judgment was denied, and they filed a notice of appeal to this Court.
The Thompsons contend that the juxtaposition of an unhinged cabinet door with the fact that Ragsdale manufactured, and Lee stained, the cabinet in question presented a scintilla of evidence in support of their position that negligence of either Ragsdale or Lee was the proximate cause of their injuries. We cannot agree with this misplaced reliance upon the doctrine ofres ipsa loquitur.
It is axiomatic that proof of negligence requires the establishment of a breach of a duty flowing from the defendant to the plaintiff which proximately causes damage to the plaintiff. Sloss-Sheffield Steel Iron Co. v. Allred, 247 Ala. 499, 25 So.2d 179 (1945); Williams v. Wicker, 235 Ala. 348,179 So. 250 (1938). Proof of an accident and injury alone is therefore generally insufficient to establish negligence.Mobile Press Register, Inc. v. Padgett, 285 Ala. 463,233 So.2d 472 (1970). One can infer negligence from the injury itself only in the rare circumstance where the instrumentality causing the injury is in the defendant's exclusive possession and the injury would not have occurred absent negligence. Such is not the case here, where it is undisputed that the cabinet door was in the exclusive possession of Thames at the time of the accident. The Thompsons were perforce relegated to the traditional burden of proof, and we agree with the circuit court's determination that as a matter of law neither Lee nor Ragsdale was shown to be negligent.
Because a motion for summary judgment tests the facts to determine if any real issue exists, the failure of the party opposing the motion to offer any affidavits or other testimony to contradict the evidence of the moving party leaves the Court no alternative but to consider that evidence uncontroverted.Donald v. City Nat'l Bank of Dothan, 295 Ala. 320, 329 So.2d 92
(1976). Where, therefore, the Thompsons' affidavit not only failed to contradict the testimony of Ragsdale and Lee but also failed to indicate who may have caused their injuries, either directly or circumstantially, we must consider the evidence of Ragsdale and Lee uncontroverted.
The scintilla doctrine, moreover, does not vitiate the rule that a conclusion based on speculation or conjecture as to liability is not a proper basis for a jury verdict. Matthews v.Mountain Lodge Apartments, Inc., 388 So.2d 935 (Ala. 1980). The Thompsons' failure to produce even a scintilla of evidence other than speculative, conjectural inferences thus precluded a finding that they had overcome the summary judgment motion.[1]
"Evidence which affords *Page 116 
nothing more than speculation, conjecture, or guess is wholly insufficient to warrant submission of a case to the jury . . .," Williams v. Palmer, 277 Ala. 188, 193, 168 So.2d 220, 224
(1964) (citations omitted), and a summary judgment in favor of Ragsdale and Lee was therefore appropriate.
The trial court decision granting summary judgment on behalf of Harvey Lee and Ragsdale Cabinet Shop is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES and ADAMS, JJ., concur.
[1] The Thompsons also included a products liability count in their memorandum in opposition to the motions for summary judgment. In this document, they erroneously stated that the doctrine of manufacturer's liability in Alabama does not require proof of a specific defect in the cabinet door. In actuality, the substratum of the Alabama Extended Manufacturer's Liability Doctrine is the proof of an instrumentality which is defective at the time the product leaves the manufacturer's exclusive control and which is not substantially altered thereafter. Sears, Roebuck Co. v. HavenHills Farms, Inc., 395 So.2d 991 (Ala. 1981). The Thompsons' failure to shoulder this burden of proof likewise proved fatal to their case.