■ MARIA RELLA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 65656.)—In a claim for damages for personal injuries, claimant appeals from a judgment of the Court of Claims (McCabe, J.), dated August 10, 1984, which, after a trial on the issue of liability only, dismissed the claim.

Judgment affirmed, with costs.

Claimant was injured when she was struck on the head from behind while visiting her son who was a patient at the Harlem Valley Psychiatric Center. Claimant neither saw nor heard her attacker, and the event was not witnessed by anyone else. Investigators from the institution and the State Police failed to identify the assailant.

Claimant offered into evidence proof that a geriatric patient, known to be assaultive in the past, was absent from his building immediately after the incident. There was no other evidence linking that patient to the attack and no evidence at all concerning the supervision of that or any other hospital patient.

The Court of Claims correctly determined that claimant failed to sustain her burden of proving defendant's negligence. While it was possible that the attack resulted from defendant's negligent supervision of a hospital patient, no such negligence was shown nor was claimant able to prove the identity of her assailant. Moreover, there were many possible explanations for the occurrence which would be consistent with a finding of due care on defendant's part. In such circumstances, claimant has failed to prove that the negligence of defendant caused the injury (see, Ingersoll v Liberty Bank, 278 NY 1). Negligence cannot be presumed from the mere occurrence of an injury and the State is not required in every case to monitor its patients' activities 24 hours per day (see, Mochen v State of New York, 57 AD2d 719).

It was not error for the Court of Claims to quash the subpoena directed to the executive director of the psychiatric center. Her affidavit clearly showed that she had no personal knowledge of the incident, having derived all of her information from the investigator, who did testify at the trial. Since it was apparent that the executive director could not give relevant testimony, the subpoena was properly quashed (see, Matter of Beach v Shanley, 62 NY2d 241).

Since claimant offered no evidence of amnesia and indeed her testimony showed otherwise, there was no occasion to apply the lesser standard of proof applicable to amnesiacs (see, Schechter v Klanfer, 28 NY2d 228). Nor would it have been appropriate to apply the doctrine of res ipsa loquitur to the facts at bar (see, Abbott v Page Airways, 23 NY2d 502). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.