PER CURIAM.
This is an appeal from summary judgments entered in favor of defendants Tid *392 well Industries, Inc.; All American Housing of Alabama, Inc.; Franklin Homes, Inc.; and Pull’Ems, Inc. There were judgments for other defendants as well, but the plaintiffs did not appeal from those judgments. We adopt the plaintiffs’ statement of the facts:
On the morning of July 5, 1982, Catherine Price was driving her husband’s pickup truck south on Alabama Highway 5, toward Haleyville, Alabama. Riding in the cab with Mrs. Price were Mrs. Mary Brewer and four children. Sitting side by side in the bed of the truck with their backs against the cab were George Anthony Price and Jimmy Ray Brewer. Mrs. Price was travelling at approximately 45 miles per hour when she came up over a rise in the road and met a truck on her side of the road coming towards her at approximately 55 miles per hour. Mrs. Price swerved to miss the oncoming vehicle and lost control of the truck. Her tires were caught in a rut approximately eight inches deep on the shoulder of the highway and the truck came to rest upside down over a water-filled ditch, trapping the boys riding in the bed of the truck underneath the vehicle. This resulted in the death of six-year old George Anthony Price and severe injury to Jimmy Ray Brewer, from which he later died on September 30, 1986.
Defendants Tidwell Industries, All American Housing of Alabama, and Franklin Homes, are mobile home manufacturers in and around the Bear Creek, Alabama, area. Defendant Pull’Ems is a mobile home carrier or transporter for defendant Franklin Homes.
This complaint alleged that the defendants negligently caused the eight-inch rut on the shoulder on the southbound lane of Highway 5 out of Bear Creek. It alleged that the defendants, through their efforts to transport mobile homes from their manufacturing plants to various points throughout the state and the Southeast, used Highway 5 South as a route to move the finished mobile homes south; and that, because Highway 5 was not wide enough to accommodate oncoming traffic with the mobile homes in the southbound lane, the mobile homes were caused to move onto the shoulder, thereby causing the rut. The plaintiffs further alleged that the rut caused the Price vehicle to overturn after having been run off the road by the oncoming truck.
The plaintiffs were unable to present any evidence that any of these defendants actually caused or contributed to the rut along the side of the highway. At most, the plaintiffs’ evidence shows that the mobile home manufacturers sometimes used Highway 5 and that the mobile homes were too wide to pass an oncoming vehicle without moving onto the shoulder. The defendants point out that they observed State Highway Regulations — that they sought and obtained permits to move the mobile homes along state highways and that the regulations require them to move onto the shoulder when necessary to permit the flow of traffic. This evidence does not establish that the defendants actually created the rut, only that they might have done so. Any number of other oversize haulers may likewise have created the rut. “The [plaintiffs’] failure to produce even a scintilla of evidence other than speculative, conjectural inferences thus precluded a finding that they had overcome the summary judgment motion. ‘Evidence which affords nothing more than speculation, conjecture, or guess is wholly insufficient to warrant submission of a case to the jury.’ ” Thompson v. Lee, 439 So.2d 113, 115-16 (Ala.1983). (Citation omitted.)
Summary judgment was, therefore, appropriate with respect to these defendants.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.