The issue presented by this appeal is whether the doctrine ofres ipsa loquitur should apply to an injury allegedly occurring to an 11-week-old child while he was in a day care center.
On April 29, 1987, Radney Garrett Ward, an 11-week-old baby boy, was left at Forrester day care center in Dothan, operated by the defendant. The parents of baby Garrett, Radney Ward, Sr., and Margaret Ward, did not see their child until approximately 5:30 or 6:00 that afternoon, when he was picked up by Radney Ward, Sr. When the child was lifted out of his chair that afternoon, he screamed "a very unusual *Page 411 
scream," according to the plaintiffs, causing them to suspect that something was wrong with him. The Wards said they examined him to determine if something was wrong with him, but they could not discover what caused him to scream. The next day, the child was brought back to Forrester day care center and was left for the day. Mr. and Mrs. Ward said that when Garrett was taken home on the afternoon of April 30, they noticed swelling on his right wrist. The next morning, they took young Garrett to his pediatrician, Dr. Barron, who instructed them to take him to Dr. Owen, a local orthopedic surgeon, and have his arm X-rayed. Dr. Owen examined the child and discovered that his arm had been broken. The parents sued Forrester Day Care, Inc.
Mr. and Mrs. Ward both testified in depositions that their child was not injured while under their care and that the only other place he had been cared for was Forrester day care center.
Employees of Forrester testified that the baby was not injured while at the Forrester day care center. The same employees also testified about the operations of the center, the tendencies of their evidence being to indicate that there was no negligence.
In contrast to the testimony of the Forrester employees, Mr. and Mrs. Ward both testified in their depositions that they had witnessed conditions at the center that they contend showed the Center was improperly operated. The Wards testified in their depositions concerning several conditions that they say were potentially dangerous and could have caused the injury to their child, or to any other child under the care of the Forrester day care center. However, there is no evidence that shows the exact cause of the child's broken arm.
The plaintiffs' position is that the defendant's employees have adopted a "conspiracy of silence" and that that conspiracy should not remove their legal remedy for the injury suffered by Garrett while at the day care center. The Wards ask us to apply the doctrine of res ipsa loquitur.
 I
The Alabama case most frequently cited for the definition of the doctrine of res ipsa loquitur is Alabama Power Co. v.Berry, 254 Ala. 228, 48 So.2d 231 (1950). In Berry, this court set forth the following rules governing the application of this doctrine:
 "Briefly stated, res ipsa loquitur is: When a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, then the injury arose from the defendant's want of care. [Citation omitted.]
 "For the doctrine to apply, there are at least three essentials: (1) the defendant must have had full management and control of the instrumentality which caused the injury; (2) the circumstances must be such that according to common knowledge and the experience of mankind the accident could not have happened if those having control of the management had not been negligent; (3) the plaintiff's injury must have resulted from the accident. [Citations omitted.]
 "The function of the doctrine is to supply a fact which must have existed in the causal chain stretching from the act or omission of the defendant to the injury suffered by the plaintiff, but which the plaintiff, because of circumstances surrounding the causal chain, cannot know and cannot prove to have actually existed. The missing fact is that the defendant was negligent. The rationale of the theory, in part, is that [the] defendant in charge of the instrumentality which caused the injury is possessed of superior knowledge and by reason thereof is better advantaged than plaintiff to know the true cause and therefore, negligence is presumed and the burden is upon the defendant to adduce proof to overcome the presumption."
254 Ala. at 236, 48 So.2d at 238. (Emphasis added.) *Page 412 
Appellee asserts, and case law supports, the proposition that the "instrumentality" that caused the harm must be "known" in order for the doctrine of res ipsa loquitur to apply. InMcClinton v. McClinton, 258 Ala. 542, 545, 63 So.2d 594, 597
(1952), this Court stated:
 "[W]hile the doctrine permits an inference that the known act which produced the injury was a negligent act, it does not permit an inference as to what act did produce the injury, and there can be no foundation for the application of the doctrine where the physical act or thing which caused the injury is unknown or not disclosed."
(quoting 45 C.J. Negligence, § 779 at 1212 (1928)). See alsoViking Motor Lodge, Inc. v. American Tobacco Co., 286 Ala. 112,116, 237 So.2d 632, 635 (1970). However, it should be noted that each of these cases deals with actions brought for injury caused by "fire" in which the instrumentality that caused the fire was unknown. In Viking Motor Lodge, this Court stated:
 "Courts are reluctant in drawing inferences of negligence as to the origin of fires for the reason that fires occur where due care has been exercised, as well as where due care is wanting."
286 Ala. at 116, 237 So.2d at 635.
This Court has, however, applied the doctrine where the "instrumentality" causing the injury is known. See Bloom v.City of Cullman, 197 Ala. 490, 73 So. 85 (1916) (pedestrian electrocuted when he touched chain of a city street light);Smith v. Kennedy, 43 Ala. App. 554, 195 So.2d 820 (1966), cert. denied, 280 Ala. 718, 195 So.2d 829 (1967) (permanent wave solution); Thompson v. Lee, 439 So.2d 113 (Ala. 1983) (a cabinet door); Norton Co. v. Harrelson, 278 Ala. 85,176 So.2d 18 (1965) (a grinding wheel).
This Court has recognized, at least in dicta, that the doctrine of res ipsa loquitur can apply in medical malpractice cases "where the injury complained of is in no way connected to the condition for which the plaintiff sought treatment."Rosemont, Inc. v. Marshall, 481 So.2d 1126, 1130 (Ala. 1985).
The appellate courts of Arkansas have discussed Prosser's suggested application of res ipsa loquitur:
 "[B]efore res ipsa loquitur can be applied, there must first be an inference that someone must have been negligent and then the burden of proof is upon the plaintiff to show that the negligence was that of the defendant and to trace the injury to a cause or specific instrumentality for which the defendant was responsible or show that he was responsible for all reasonably probable causes."
Dollins v. Hartford Accident Indem. Co., 252 Ark. 13, 17,477 S.W.2d 179, 182 (1972) (Emphasis added.); Palmer v. Intermed,Inc., 270 Ark. 538, 541-42, 606 S.W.2d 87, 89 (Ct.App. 1980). See also, W. Prosser, Law of Torts, § 39, 214-25 (4th ed. 1971).
 II
There is a small, but growing, body of law, dealing with the application of the doctrine of res ipsa loquitur to institutions such as hospitals, nursing homes, and child care centers where the "instrumentality" causing the injury is not known.
 "While the application of the doctrine is usually made in view of injury by machinery and instrumentalities under the exclusive control and operation of the defendant, from its very nature as a doctrine of necessity it should apply with equal force in cases wherein medical and nursing staffs take the place of machinery and may, through carelessness or lack of skill, inflict, or permit the infliction of, injury upon a patient who is thereafter in no position to say how he received his injuries."
Maki v. Murray Hospital, 91 Mont. 251, 264, 7 P.2d 228, 231
(1932). See also, Martin v. Aetna Cas. Surety Co.,239 Ark. 95, 387 S.W.2d 334 (1965) (wheelchair in hospital caused injury); Gallachicco v. State, 43 N.Y.S.2d 439 (Ct.Cl. 1943) (hospital elevator); Durfee v. Dorr, 123 Ark. 542, 186 S.W. 62
(1916) (doctrine applied on the basis of evidence tending to show that the injury could not have resulted other than *Page 413 
from the hospital's negligence). See, Annot., 9 A.L.R.3d 1315 (1966).
 III
The doctrine has not been applied, however, in the following cases: Fosselman v. Waterloo Community School District,229 N.W.2d 280 (Iowa 1975) (personal injuries sustained by a ninth grade physical education student while playing a game); Rellav. State, 117 A.D.2d 591, 498 N.Y.S.2d 63 (1986) (State not liable for an injury to claimant who was visiting a patient at a psychiatric center, even though there was evidence that a geriatric patient, known to have been assaultive in the past, was absent from the building immediately after the accident, where there was no other evidence linking that patient to the attack and no evidence concerning the supervision of that patient or any other hospital patient).
 IV
We have found no Alabama case in which the doctrine has been applied to the case of a child of tender years allegedly injured at a day care center, but we have located a case from another jurisdiction in which the doctrine was applied in the situation of a 25-month-old child who was placed in a nursery provided for patrons of a bowling alley. In Zimmer v.Celebrities, Inc., 44 Colo. App. 515, 517, 615 P.2d 76, 78
(1980), the court cited Branco Eastern Co. v. Leffler,173 Colo. 428, 435, 482 P.2d 364, 367 (1971), for the following guidelines or rules for the application of the doctrine:
 " 'It may be inferred that harm suffered by the plaintiff is caused by the negligence of the defendant when:
 " '1. "The event is the kind which ordinarily does not occur in the absence of negligence.
 " '2. "Other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence.
 " '3. "The indicated negligence is within the scope of the defendant's duty to the plaintiff." Restatement of Torts, 2d § 328D,
" 'and
 " '4. "The plaintiffs are free from any contributory negligence or other responsibilities." W. Prosser, Law of Torts (2d Ed.) § 42, at 199.' "
The court then concluded:
 "In this case it may be inferred that the injury to the child would not ordinarily have occurred in the absence of negligence. Where a 25-month-old child, who has been placed in a nursery for supervision and care, receives a severe skull fracture and there is no explanation for the injury, the evidence is sufficient to support a ruling as a matter of law that plaintiff has made a prima facie case that the injury would not have occurred but for the negligence of someone. Further, we agree with the trial court that the plaintiffs' evidence as to the exposed pipes of a drinking fountain in the play area, and inadequate supervision, established a factual basis from which the jury could conclude that the injury more probably than not was a result of negligence. Restatement (Second) of Torts § 328D, Comment d at 158-159. Thus, the first element has been satisfied.
 "The second element was satisfied because there was no evidence of other responsible causes. The child's mother and her friend testified that when they left the child in the nursery, he was in no discomfort nor was there anything abnormal about his actions or appearance. Nor did the nursery personnel testify to anything unusual about the child when he arrived.
 "The third element has also been established. Defendant assumed the responsibility of caring for the child, and defendant had a duty of reasonable care while dealing with children upon the premises. Nettrour v. J.C. Penney Co., 146 Colo. 150, 360 P.2d 964 (1961); Krause v. Watson Bros., 119 Colo. 73, 200 P.2d 387 (1948). The event here was of the kind indicating negligence in the performance of an act which was within the scope of defendant's duty to the plaintiff.
 "The final element necessary for the application of the doctrine of res ipsa *Page 414 
loquitur, that the plaintiff be free from negligence, is established here. There is nothing in the record indicating that the child was in any way responsible for his own injuries. Although the pediatrician testifying for defendant stated that a child could suffer similar injuries without the intervention of any third person, there was no evidence that the child precipitated this injury. These circumstances are also supportive of the first element, discussed above. Thus, the final element was proven. [Citations omitted.]
 "Therefore, the court did not err in applying the doctrine of res ipsa loquitur to the facts of this case and instructing the jury accordingly. Nor was it error to deny defendant's motion for a directed verdict which was requested on grounds of lack of proof of the specific act which proximately caused the injury."
44 Colo.App. at 517-18, 615 P.2d at 78-79.
 V
Defendant argues that "[w]here the act or instrumentality causing the injury is unknown, there is no basis for the application of the doctrine of res ipsa loquitur," citingMcClinton v. McClinton, 258 Ala. 542, 63 So.2d 594 (1952), andViking Motor Lodge, Inc. v. American Tobacco Co., 286 Ala. 112,237 So.2d 632 (1970). Defendant correctly states the plaintiff's usual burden of proof, but a plaintiff is not required in every case to show a specific instrumentality that caused the injury. The drafters of comments (f) and (g) to theRestatement (Second) of Torts § 328D (1965) state that in making the negligence point to the defendant, this is usually done by showing that a specific instrumentality has caused the event, or that "all reasonably probable causes were under theexclusive control of the defendant." (Emphasis added.) The commentators note that "[i]t is not, however, necessary to the inference that the defendant have such exclusive control; and exclusive control is merely one way of proving his responsibility." Restatement (Second) of Torts § 328D.
 VI
In this case, the plaintiffs claim that the defendant was guilty of negligent supervision. As a general rule, a plaintiff who can prove his case by specific acts of negligence cannot avail himself of the doctrine of res ipsa loquitur. We do not believe that rule is applicable here.
In Zimmer, supra, the Court addressed this question, as follows:
 "Defendant also contends that res ipsa loquitur is inapplicable in this case because plaintiffs have argued and introduced some evidence that defendant was negligent in supervision of the nursery. Defendant reasons that negligent supervision would be a specific act of negligence and therefore res ipsa is not applicable. We do not agree. Kitto v. Gilbert, 39 Colo. App. 374, 570 P.2d 544 (1977), is dispositive of this issue. In that case we held that:
 " 'Res ipsa loquitur is a rule which presumes evidence which applies when it is judicially determined that a particular unexplained occurrence creates a prima facie case of negligence without proof of specific misfeasance. . . . A corollary requirement is that no direct evidence exists establishing that a specific act of negligence was the only likely cause for the harm. . . . The mere introduction of evidence as to how an accident could have occurred and its possible causes does not necessarily preclude application of res ipsa loquitur so long as that evidence does not clearly resolve the issue of culpability.'
 "39 Colo.App. at 379, 570 P.2d at 548 (emphasis added except the word 'possible'.)
 "Even though evidence was offered concerning the probabilities of the injury being caused by a piece of equipment or by inadequate supervision on the premises, there was no direct evidence establishing a specific act of negligence which was the only likely cause of the injury, and the evidence presented did not resolve the issue of culpability."
44 Colo. App. at 519, 615 P.2d at 79-80.
We hold that the mere introduction of evidence as to how an accident could have *Page 415 
occurred and its possible causes does not necessarily preclude the application of the doctrine of res ipsa loquitur so long as that evidence does not clearly resolve the issue of culpability.
Based on the foregoing, we hold that the trial court erred in entering summary judgment for the defendant.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
HOUSTON, and STEAGALL, JJ., dissent.