I respectfully dissent. The majority relies on the Colorado Court of Appeals' decision in Zimmer v. Celebrities, Inc.,44 Colo. App. 515, 615 P.2d 76 (1980), to impose strict liability upon those who provide child care services by creating an exception to the general application of the res ipsa loquitur doctrine in Alabama. Zimmer is clearly distinguishable from the instant case. In that case, the child was in the exclusive control of the defendant at the time of the incident giving rise to the injury. Although there was no evidence as to what specific instrumentality caused the injury, the evidence was uncontroverted that the injury occurred while the child was in the defendant's exclusive control.
The fact that the child was in the "exclusive control" of the defendant at the time of the accident is a critical factor. Here, there was no showing of when or how the injury occurred. The probable time of the injury was, according to the parents' depositions, spread over, at least, a two-day period. During that time, the child was out of the day care facility's exclusive control for an extended period of time. InZimmer, the child was placed in a nursery, which exercised exclusive control over the child. An attendant in the nursery testified that she heard a "thud,", turned around, and found the child lying on his back, crying. The mother was called and she immediately took the child to the family pediatrician. The pediatrician's subsequent examination revealed a skull fracture at the back of the child's head. Where, as here, the time at which the injury occurred is unknown and there is no showing of the specific instrumentality causing the injury or of the defendant's exclusive control over every instrumentality that could have caused the injury, the res ipsa loquitur doctrine does not apply.
Therefore, I believe Forrester Day Care's summary judgment was proper and should be affirmed.
HOUSTON, J., concurs.