KENNEDY, Justice.
The plaintiffs, Mary Elizabeth Woodruff and her husband Colvin Woodruff, appeal the judgment for the defendants, Jack Ingram Motors, and Ed Luna, based on a directed verdict. We affirm.
The issue is whether the plaintiffs proved a prima facie case of negligence.
On January 20, 1986, Mrs. Woodruff and her husband took their pickup truck to Jack Ingram Motors for repair. Mrs. Woodruff borrowed an automobile from Jack Ingram Motors to drive while their truck was being repaired. Her husband was with her when she returned the car to Jack Ingram Motors. She parked the car and delivered the keys to the attendant at the service desk; to get to the service desk, she went through the service area. After returning the keys, she turned around and started back to where her husband was waiting and walked behind a yellow Mercedes automobile that was parked in the service area near the driveway. Defendant Ed Luna, *308 an employee of Jack Ingram Motors, was backing the Mercedes into the driveway and, according to Mrs. Woodruff, “barely bumped” Mrs. Woodruff on the leg with the rear of the Mercedes. Upon impact, Mrs. Woodruff and some employees of the defendant shouted for Mr. Luna to stop, and he did. The contact with the Mercedes did not cause Mrs. Woodruff to fall. Mrs. Woodruff immediately reported the accident to Ray Ingram, an employee of Jack Ingram Motors, and identified Mr. Luna as the person who was driving the Mercedes when it backed into her.
The plaintiffs’ complaint alleged that Jack Ingram Motors (1) failed to exercise reasonable care to protect Mrs. Woodruff from injury and hazardous conditions on its premises and (2) failed to provide Mrs. Woodruff with a reasonably safe place to conduct business with the defendant. The complaint also alleged that defendant Ed Luna negligently drove a motor vehicle into the plaintiff. Mrs. Woodruffs claims were based on an alleged personal injury, and Mr. Woodruffs claims were based on payment of his wife’s medical expenses and loss of consortium.
At trial, Mrs. Woodruff testified that, at the time of the accident, she was watching her husband and was not watching the Mercedes. Mrs. Woodruff also testified that she has suffered pain in her leg, neck, and shoulder since the accident and has incurred $600.50 in medical expenses. Mr. Woodruff testified that he did not see the accident. At the close of the plaintiff’s evidence, the defendants moved for a directed verdict in their favor, which the trial judge granted. The Woodruffs appeal.
Proof of negligence requires that the plaintiff establish (1) a duty to the plaintiff, (2) a breach of that duty, and (3) damage to the plaintiff proximately caused by that breach of duty. “Proof of an accident and injury alone is therefore generally insufficient to establish negligence. One can infer negligence from the injury itself only in the rare circumstance where the instrumentality causing the injury is in the defendants exclusive possession and the injury would not have occurred absent negligence.” Thompson v. Lee, 439 So.2d 113, 115 (Ala.1983) (citations omitted). Such is not the case here. The plaintiffs failed to prove by substantial evidence that the defendants breached a duty of care.[1] They proved only that Mrs. Woodruff stepped into or behind the Mercedes and that she was not looking at the Mercedes while she did so. There was no evidence that the defendant Ed Luna or defendant Jack Ingram Motors were negligent. We conclude that the trial judge did not err in directing a verdict for the defendants, because the plaintiffs failed to prove a prima facie case of negligence.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES and HOUSTON, JJ., concur.

. Plaintiffs filed suit on January 19, 1988, after the effective date of Code 1975, § 12-21-12.
Therefore, the "substantial evidence rule” applies.