594 So.2d 1220 (1992)
Suzanne KHIRIEH and Michael McKnight
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
1901356.
Supreme Court of Alabama.
February 21, 1992.
*1221 Scott A. Powell and Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for appellants.
Michael B. Maddox of Woodall & Maddox, P.C., Birmingham, for appellee.
KENNEDY, Justice.
The plaintiffs, Suzanne Khirieh and Michael McKnight appeal from a summary judgment in favor of the defendant, State Farm Mutual Automobile Insurance Company ("State Farm").
The issue is whether the trial court erred in determining that the plaintiffs had not produced substantial evidence on their claim and in entering summary judgment in favor of State Farm.
On December 31, 1987, at approximately 1:00 o'clock in the afternoon, Khirieh and McKnight were involved in a motor vehicle accident on Interstate Highway 20/59 in Birmingham. McKnight was driving a vehicle owned by Khirieh's mother and insured by State Farm. Khirieh was an occupant in the vehicle and was sitting on the front passenger side. McKnight was traveling east in the middle of three eastbound lanes when he observed an obstacle in the roadway ahead of him. McKnight braked and attempted to avoid the obstacle. The obstacle in the roadway later proved to be a truck bench seat.
McKnight successfully avoided the truck seat, but after he completed his defensive maneuvers, the driver of a Ford Thunderbird automobile behind him could not brake quickly enough to avoid a rear-end collision, and the Thunderbird struck the McKnight vehicle from behind. In turn, the Thunderbird also was struck from behind and was caused to hit the McKnight vehicle a second time.
As a result of this accident, both McKnight and Khirieh suffered physical injuries.
McKnight and Khirieh claimed against their vehicle owner's State Farm uninsured motorist coverage, alleging that an uninsured phantom motorist had negligently allowed *1222 the truck bench seat to be in the roadway. McKnight and Khirieh argue that under Alabama law a phantom motorist is deemed to be an uninsured motorist for purposes of uninsured motorist coverage. State Farm does not dispute this point.
McKnight and Khirieh sued State Farm on their uninsured motorist claim. State Farm moved for, and was granted, a summary judgment, based on the court's conclusions that there was no genuine issue of material fact and that State Farm was entitled to a judgment as a matter of law, implicitly because McKnight and Khirieh had failed to produce substantial evidence in support of their claim.
The standard applicable to granting a summary judgment motion is "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A.R.Civ.P. 56(c). The movant has the burden of showing that this standard has been met. Once the movant has made a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the opposing party to show that a genuine issue of material fact does exist. Stephens v. City of Montgomery, 575 So.2d 1095, 1097 (Ala. 1991). To withstand a summary judgment motion, a nonmoving party must show a genuine issue of material fact by producing "substantial evidence" on the nonmovant's claim or defense. Ala.Code 1975, § 12-21-12.
"Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
When a trial court enters a summary judgment, our review of that judgment is de novo. No presumption of correctness guides our review of a summary judgment. Hightower & Co. v. United States Fidelity & Guar. Co., 527 So.2d 698, 701 (Ala.1988).
McKnight and Khirieh argue that the trial court erred in entering the summary judgment in favor of State Farm because, they say, they had produced substantial evidence to support their claim and therefore State Farm was not entitled to a judgment as a matter of law. State Farm argues that to make a successful uninsured motorist claim, McKnight and Khirieh had to prove, among other facts not here in issue, negligence by the alleged phantom motorist and that their injuries arose out of that person's maintenance or use of a motor vehicle. State Farm argues that McKnight, in opposition to its motion for summary judgment, did not offer substantial evidence of the alleged phantom motorist's "use of a motor vehicle" and the phantom motorist's negligence by substantial evidence.

WHETHER THE INJURIES AROSE OUT OF THE "USE OF A MOTOR VEHICLE"
McKnight and Khirieh argue, as proof by substantial evidence that their injuries arose out of another's maintenance or use of a motor vehicle, by posing a question: How does a truck bench seat find its way onto an interstate highway, in heavy traffic in Birmingham, other than by falling off some moving vehicle?
McKnight and Khirieh's argument is that the existence of the truck seat on Interstate Highway 20/59 in the midst of Birmingham's "lunch hour" traffic, is more than substantial evidence that their injuries arose out of the use of a motor vehicle. McKnight and Khirieh argue that common sense dictates that any contrary inferences border on the improbable if not the impossible.
To show "substantial evidence" on this issue, McKnight and Khirieh need only produce evidence "of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West, supra. We agree with McKnight and Khirieh that their evidence that the truck seat was in the highway, given the undisputed circumstances of time and place surrounding it, is substantial evidence that their injuries arose from another's use of a motor vehicle.

*1223 NEGLIGENCE
McKnight and Khirieh concede that proof that they were "legally entitled to recover damages from the owner or operator of the uninsured motor vehicle,"[1] i.e., proof that such an owner or operator was negligent, can be provided only by an application of the doctrine of res ipsa loquitur.
Res ipsa loquitur means literally "the thing speaks for itself." It allows one, under certain circumstances, to infer negligence from the surrounding facts, in instances where the precise and exact cause of an injury is unknown or unknowable.
"Proof of negligence requires the establishment of a duty and a breach thereof that proximately caused damage to the plaintiff. Thompson v. Lee, 439 So.2d 113, 115 (Ala.1983). Mere proof that an accident and an injury occurred is generally insufficient to establish negligence. Id.; Mobile Press Register, Inc. v. Padgett, 285 Ala. 463, 233 So.2d 472 (1970). However, in limited circumstances, a jury will be allowed to infer negligence if the doctrine of res ipsa loquitur is deemed to be applicable. Thompson, supra."
South Coast Properties, Inc. v. Schuster, 583 So.2d 215, 217 (Ala.1991).
To apply the doctrine of res ipsa loquitur so as to allow an inference of negligent behavior, one must know, with some exceptions, the instrumentality or the act that caused the injury. Ward v. Forrester Day Care, Inc., 547 So.2d 410, 412-14 (Ala.1989). State Farm argues that McKnight and Khirieh do not know the specific instrumentality and act that caused their injuries and that, absent this knowledge, no exception exists that would allow them to apply the doctrine of res ipsa loquitur. We disagree.
Usually, for res ipsa loquitur to apply, either the instrumentality or the act that caused the injury must be shown. Ward, 547 So.2d at 412, 414. McKnight and Khirieh do not have to show both. Id.
The instrumentality that caused the injury is known; it was a truck bench seat. State Farm presumes that the instrumentality causing the accident, based on the nature of McKnight and Khirieh's claim, would have to be a motor vehicle. State Farm argues that, given the facts of this case, one cannot know that a motor vehicle was involved.
We emphasize that the accident was not alleged to have been caused by the instrumentality of a motor vehicle, but rather, by a truck bench seat. McKnight and Khirieh have no burden of proving otherwise in order to apply res ipsa loquitur to show negligence. The alleged involvement of a phantom motor vehicle is an issue separate from the issue of negligence, i.e., the application of res ipsa loquitur. The only relevance of the question of whether a phantom motor vehicle was somehow involved relates to the separate issue of whether McKnight and Khirieh's injuries arose out of the use of a motor vehicle, not whether the vehicle itself, as an instrumentality, caused their injuries.
Additionally, State Farm argues that McKnight and Khirieh cannot, as State Farm says they are required to do in order to apply res ipsa loquitur, establish that "the defendant ... had full management and control of the instrumentality." Ward, 547 So.2d at 411.
The elements of res ipsa loquitur are generally stated as:
"(1) [T]he defendant must have had full management and control of the instrumentality which caused the injury; (2) the circumstances must be such that according to common knowledge and the experience of mankind the accident could not have happened if those having control of the management had not been negligent; (3) the plaintiff's injury must have resulted from the accident. [Citations omitted.]"
Id.
However, we have stated that "`exclusive control is merely one way of proving *1224 [a wrongdoer's] responsibility'". Ward, 547 So.2d at 414, quoting Restatement (Second) of Torts § 328D (1965). "[I]n making the negligence point to the defendant, this is usually done by showing that a specific instrumentality has caused the event, or that `all reasonably probable causes were under the exclusive control of the defendant.'" Id. Stated differently, "the exclusive control requirement is subordinated to its general purpose, that of indicating that it probably was the [alleged wrongdoer's] negligence that caused the accident." 57B Am.Jur.2d Negligence § 1874 (1989).
In this case, McKnight and Khirieh have produced legally sufficient evidence that a phantom motorist's negligence was the probable cause of the accident. Implicit in this finding is that there was legally sufficient evidence that all reasonably probable causes of the accident were under the wrongdoer's exclusive control. See also Alfa Mutual Insurance Co. v. Beard, [Ms. 1901793 and 1901794, Feb. 21, 1992], 1992 WL 28986 (Ala.1992).

INFERENCE ON AN INFERENCE
Finally, State Farm argues that proof of negligence, and proof that the injuries arose out of the use of a motor vehicle require the impermissible stringing together of inferences. However, we find that the rule against an "inference on an inference" is not offended here.
An "inference" is a reasonable deduction of fact, unknown or unproved, from a fact that is known or proved. See, Malone Freight Lines, Inc. v. McCardle, 277 Ala. 100, 167 So.2d 274 (1964). "[A]n inference cannot be derived from another inference." Malone, 277 Ala. at 107, 167 So.2d at 281. An inference must be based on a known or proved fact. Id.
On the element of negligence, we may infer from the known fact of the existence of a truck bench seat on a busy highway, that a person was negligent.
As to whether McKnight's and Khirieh's injuries arose from the use of a motor vehicle, we may infer from the known fact of the truck bench seat on a busy highway, that the negligent person was operating a motor vehicle; this is also an inference from the known fact of the truck seat in the busy highway. This conclusion does not offend the rule against an "inference on an inference" simply because a single known fact led to more than one inference. The key here is that neither the inference of negligence nor the inference of the "use of a motor vehicle" is drawn from another inference.
For this reason, and because McKnight and Khirieh have produced substantial evidence on their claim of negligence and on their claim that their injuries arose from a phantom motorist's use of a motor vehicle, we reverse the summary judgment in favor of the defendant, State Farm, and remand this cause for trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, J., concur.
MADDOX and HOUSTON, JJ., concur specially.
HOUSTON, Justice (concurring specially).
I write to cite the excellent and pertinent casenote prepared by Alvin T. Prestwood, Esquire, while a law student, on Smith v. General Motors Corp., 227 F.2d 210 (5th Cir.1955), Note, EvidenceRelevancyAn Inference Based on a Series of InferencesThe Test of Equally Reasonable Inferences, 8 Ala.L.Rev. 396 (1956), in support of the portion of the majority opinion styled "Inference on an Inference."
I also write to cite Annot, "Applicability of Res Ipsa Loquitur Doctrine Where Objects Being Transported Fall From Motor Vehicles," 66 A.L.R.2d 1266 (1959), and supplements. As of August 21, 1991, there are 18 cases cited, 16 of which hold that the doctrine of res ipsa loquitur applies "where an object being transported by motor vehicle has fallen therefrom."
From the evidence, the trier of facts could reasonably infer that the truck bench seat in the middle of a busy highway came out of or off a motor vehicle that was *1225 traveling on that highway. The trier of facts could also reasonably infer that a truck bench seat does not come out of or off a motor vehicle that is traveling on a busy highway and remain in the highway without warning to the traveling public that an obstruction is within the highway but for negligence on the part of the operator of that motor vehicle.
The evidence that the truck bench seat was in the highway, ipso facto, requires that the summary judgment be reversed and that the uninsured motorist claim be submitted to a jury.
MADDOX, J., concurs.
NOTES
[1] State Farm makes no issue as to whether the alleged phantom motorist was uninsured. For a discussion of this issue in the "hit and run" context see State Farm Fire & Casualty Co. v. Lambert, 291 Ala. 645, 285 So.2d 917 (1973) (holding that a hit and run or unknown driver is deemed to be uninsured for purposes of the uninsured motorist statute).