While working in a grain elevator as an employee of Continental Grain, Inc. ("Continental"), William H. Beam, Jr., was injured when he fell through an open catwalk and became caught in a grain conveyor manufactured by Tramco, Inc. Beam sued several co-employees; Alder Springs Industries (which had installed the Tramco conveyor); and Tramco. The trial court granted Tramco's motion for a summary judgment and made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P. Beam appeals from the summary judgment for Tramco regarding his claims for damages under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and under theories of negligence and wantonness.
The law is clear that a summary judgment is proper and must be affirmed on appeal if the evidence, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Lowe v. East End Memorial Hospital HealthCenters, 477 So.2d 339 (Ala. 1985). Once a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is therefore entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Rule 56; § 12-21-12, Ala. Code 1975; Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990). If the nonmovant fails to meet this burden, then a summary judgment must be entered in favor of the movant. Cogginv. Starke Bros. Realty Co., 391 So.2d 111 (Ala. 1980).
Beam worked in Continental's grain elevator, which serves as a grain storage facility. Grain is kept in storage bins located inside the elevator, and the Tramco conveyor is used to remove the grain from the storage bins. Before his accident, Beam was asked by a supervisor to retrieve a sample of soybeans from a storage bin. Beam then began to walk on a catwalk, toward the storage bin; the Tramco conveyor was situated approximately three feet below the catwalk. An inlet spout extended upward from the Tramco conveyor to the catwalk. A removable grate was located on the catwalk at the point at which the inlet attached to the catwalk; the inlet and removable grate were used by Continental employees to unclog the conveyor. The grate had been removed and was not in place at the time of the accident. It is unknown why the grate had been removed or who had removed it. Beam's vision was obscured because of soybean dust emitted from the Tramco conveyor through the open inlet. When approaching the storage bin, Beam fell through the open area usually covered by the grate and into the spout attached to the Tramco conveyor. Beam was injured when his leg became caught in the Tramco conveyor.
The Tramco conveyor was purchased by Continental in 1989 to replace an older conveyor. The Tramco conveyor is an enclosed conveyor, which, unlike many older conveyors, has its moving parts encased by metal walls. In many respects, this makes the product safer and easier to maintain. Because the Tramco conveyor is an enclosed conveyor, inlet openings must be cut into its walls so that grain may enter it from the various storage bins. When the Tramco conveyor leaves its factory, however, there are no inlet openings in the conveyor. The openings are cut into the conveyor during installation.
The Tramco conveyor was installed by Alder Springs Industries in approximately the same location as Continental's previous conveyor. Tramco's only involvement in the installation was that Dan Warnke, a Tramco salesman, measured the conveyor area and took note of where the inlets would attach into the conveyor upon installation. Warnke was not present at the installation of the conveyor and was unaware that the catwalk grate was removable. The record indicates that even Ed McCoy, the Alder Springs Industries employee who cut the inlet openings into the conveyor and installed it, had no knowledge of the removable catwalk grate. *Page 981 
The catwalk and the removable grate had been in place for many years before the installation of the Tramco conveyor.
In Atkins v. American Motors Corp., 335 So.2d 134 (Ala. 1976), this Court set out the elements of the AEMLD. In order to establish liability under the AEMLD, a plaintiff must show the following:
 "(1) [that] he suffered injury or damages to himself or his property by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
 (a) the seller is engaged in the business of selling such a product, and
 (b) it is expected to, and did, reach the user or consumer without substantial change in the condition in which it was sold."
Atkins, 335 So.2d at 141. Stated differently, a defendant will be liable under the AEMLD if it manufactures, designs, or sells an unreasonably dangerous product that reaches the consumer substantially unaltered and, because of its unreasonably dangerous condition, injures the consumer when put to its intended use. Under the AEMLD, therefore, a defective product is one that is unreasonably dangerous, i.e., one that is not fit for its intended purpose or that does not meet the reasonable expectations of the ordinary consumer. Casrell v.Altec Industries, Inc., 335 So.2d 128, 133 (Ala. 1976); Entrekinv. Atlantic Richfield Co., 519 So.2d 447 (Ala. 1987).
The evidence indicates that Tramco made the required prima facie showing that no genuine issue of material fact existed as to Beam's claims under the AEMLD and under the theories of negligence and wantonness. The burden thus shifted to Beam to produce substantial evidence creating a genuine issue of material fact. Hanners v. Balfour Guthrie, Inc.
We hold that Beam failed to produce substantial evidence to demonstrate that the Tramco conveyor was defective within the meaning of the AEMLD. Because it is enclosed, the Tramco conveyor is a safer product than the older, open-belt conveyors, which pose both injury and fire hazards because of their exposed belt and machinery. It is clear that the Tramco conveyor was not rendered defective simply because holes were cut into its walls during installation. Without such openings, there would be no means to allow grain to flow from the storage bin inlets into the conveyor. When the inlets are installed into the conveyor, it is once again enclosed. Had the catwalk grate not been removable, there would have been no danger that workers would be exposed to the conveyor's moving parts while walking on the catwalk. Although Tramco knew that one of the inlets to the conveyor would be attached to the catwalk, Beam produced no evidence to indicate that Tramco was aware that the catwalk grate was removable. Continental specifically requested that Tramco build the conveyor to accommodate an opening to be placed in the conveyor to provide access to the catwalk inlet. Under the circumstances of this case, we must conclude that the Tramco conveyor was not "unreasonably dangerous" so as to render it "defective" within the meaning of the AEMLD. The fact that one sustains an injury from a product does not always establish that the product was unreasonably dangerous.Thompson v. Lee, 439 So.2d 113 (Ala. 1983); Sears, Roebuck Co.v. Haven Hills Farm, Inc., 395 So.2d 991 (Ala. 1981); Brooks v.Colonial Chevrolet-Buick, Inc., 579 So.2d 1328 (Ala. 1991).
Also, Beam produced no substantial evidence indicating that Tramco acted negligently or wantonly in regard to the conveyor it manufactured for Continental. As stated above, no evidence before the trial court on the summary judgment motion indicated that Tramco knew of the removable catwalk grate. Moreover, the fact that grain dust was blowing from the conveyor through the catwalk inlet at the time of the accident does not indicate that Tramco had negligently or wantonly designed its machine for the Continental plant. It was Continental, not Tramco, that requested that an inlet opening be placed in the conveyor to lead to the catwalk. It is undisputed that Continental and its employees knew that the grate was removable. Tramco should not be held responsible for Continental's decision to maintain a removable grate on its catwalk. *Page 982 
Beam presented no substantial evidence to rebut Tramco's prima facie showing that no genuine issue of material fact existed as to his claims. Therefore, we must affirm the judgment of the trial court.
AFFIRMED.
ALMON, HOUSTON, COOK and BUTTS, JJ., concur.