MOORE, Judge,
concurring in part and dissenting in part.
I respectfully dissent from the majority’s decision to affirm the trial court’s judgment in favor of Maranatha Baptist Church, Inc., with regard to the negligence claim.
The majority declines to consider the issue whether the doctrine of res ipsa lo- *606 quitar applies to the facts of the present case because, it concludes, Sean Silberna-gel, as Caleb Silbernagel’s father and next friend, did not argue to the trial court that res ipsa loquitur applies. I disagree.
“Res ipsa loquitur means literally ‘the thing speaks for itself.’ It allows one, under certain circumstances to infer negligence from the surrounding facts, in instances where the precise and exact cause of an injury is unknown or unknowable.” Khirieh v. State Farm Mut. Auto. Ins. Co., 594 So.2d 1220, 1223 (Ala.1992). As noted by the majority, Sean stated in his brief in opposition to Maranatha’s summary-judgment motion that “it is clear that some injury occurred to Caleb while he was in Maranatha’s care” and that,
“[i]n short, all evidence gathered in this case illustrates that Caleb was acting normal for any given day when he was placed in Maranatha’s care, the mother of Caleb had no cause for concern when she left him at the daycare facility, and the Maranatha daycare workers had no reason for alarm when he was handed to them. Due to the negligence of Mara-natha employees during the first few hours of Caleb’s stay at the daycare, something happened to Caleb of such magnitude that it caused the femur bone of his right leg to break. There are numerous fact questions that should be determined by a jury.”
(Emphasis added.) Thus, Sean argued to the trial court that something happened while Caleb was at the Maranatha daycare facility to cause his injury; in other words, Sean argued that the facts of the present case implied negligence on the part of the day-care facility. That argument encompasses the very essence of the doctrine of res ipsa loquitur.
The doctrine of res ipsa loquitur is not a separate cause of action. See 57B Am. Jur.2d Negligence § 1176 (2004) (“the doctrine of res ipsa loquitur is merely an evidentiary or procedural rule, and not a rule of substantive law, and thus it does not create or constitute an independent or separate ground of liability” (footnotes omitted)). Rather, as observed by the majority, “[t]he res ipsa loquitur doctrine allows ‘an inference of negligence where there is no direct evidence of negligence.’ ” Kmart Corp. v. Bassett, 769 So.2d 282, 286 (Ala.2000) (quoting Ex parte Crabtree Indus. Waste, Inc., 728 So.2d 155, 156 (Ala. 1998)). Thus, the doctrine of res ipsa lo-quitur is raised by the negligence claim and by Sean’s argument that, based on the facts of the case, “something happened” to Caleb while he was left in the care of Maranatha. Although Sean did not identify the doctrine of res ipsa loquitur by name, trial judges are presumed to know and follow the law. See Ex parte Atchley, 936 So.2d 513, 516 (Ala.2006). I conclude, therefore, that Sean made the necessary arguments to the trial court to invoke the doctrine of res ipsa loquitur.
In Ward v. Forrester Day Care, 547 So.2d 410 (Ala.1989), the Alabama Supreme Court applied the doctrine of res ipsa loquitur to an injury that allegedly occurred to a young child while he was in a day-care center. 547 So.2d at 410. In Ward, an 11-week-old child was left at a day-care center, and, when his parents returned to pick him up that afternoon, he screamed when he was lifted out of his chair. 547 So.2d at 410. The next day, the child returned to the day-care center; when the child was taken home that day, his parents noticed swelling on the child’s right wrist, and the child was later diagnosed with a broken arm. Id. at 411. The parents testified that the child had not been injured while under their care, and the employees of the day-care center testified that the child had not been injured while at the day-care center. Id. The Alabama Supreme Court concluded that the *607 doctrine of res ipsa loquitur could be applied in Ward and, therefore, that the trial court had erred in entering a summary-judgment for the day-care center. Id. at 415.
Similarly, in the present ease, viewing the evidence in a light most favorable to Sean, see Casey v. McConnell, 975 So.2d 384, 388 (Ala.Civ.App.2007), according to Caleb’s mother’s testimony, Caleb did not cry or fuss on the morning of his injury before he was left at the Maranatha daycare facility. Courtney Roberts, who worked at the day-care facility, discovered that Caleb’s right leg was behind his left leg when she lifted him out of a swing. According to Dr. James Simpson, if a child is forced into a swing with one leg trapped underneath him or her, it could possibly cause a broken bone, although he would find it unlikely. Caleb, who was three months old at the time of the injury, was, like the child in Ward, a child of tender years, and he could neither take care of himself nor testify as to how he was injured. Based on the evidence presented, like in Ward, a jury could infer under the doctrine of res ipsa loquitur that Caleb’s injury was a result of the negligence of Maranatha’s employees while Caleb was in their care. I therefore dissent from the majority opinion with regard to its affir-mance of the trial court’s summary judgment in favor of Maranatha as to the negligence claim.
Because the doctrine of res ipsa loquitur cannot be invoked to prove wanton conduct, see George v. Alabama Power Co., 13 So.3d 360, 368 (Ala.Civ.App.2009), I concur with the majority opinion insofar as it affirms the trial court’s summary judgment in favor of Maranatha as to the wantonness claim.